Morrison et al., Appellees, *v.* Steiner, Appellant.

[Cite as Morrison v. Steiner (1972), 32 Ohio St. 2d 86.]

(No. 72-140—Decided December 6, 1972.)

*Messrs. Kolb, Kolb & Kolb* and *Mr. Matt Kolb, Jr.*, for appellees.

*Mr. Russell E. Rakestraw*, for appellant.

Herbert, J.   Appellant contends that Civ. R. 3(B) cannot constitutionally provide for the issuance by a municipal court of service of process beyond its statutorily prescribed territorial boundaries.   However, appellant misconceives the nature of municipal court subject-matter jurisdiction (as opposed to territorial boundaries) and how the Rules of Civil Procedure operate within the limits imposed upon that jurisdiction by the General Assembly.

Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits, while venue connotes the locality where the suit should be heard.   See *Fireproof Construction* v. *Brenner-Bell* (1949), 152 Ohio St. 347, 89 N. E. 2d 472; *New York, Chicago & St. Louis Rd. Co.* v. *Matzinger* (1940), 136 Ohio St. 271, 25 N. E. 2d 349; *Loftus* v. *Pennsylvania Rd. Co.* (1923), 107 Ohio St. 352, 140 N. E. 94.   Subject-matter jurisdiction defines the competency of a court to render a valid judgment in a particular action.   See McCormac, Venue—"New" Concepts in Ohio, 39 Cincinnati L. Rev. 474; Field and Kaplan, Civil Procedure (2d Ed.) 737.

Subject-matter jurisdiction of Ohio municipal courts is created and defined by R. C. 1901.18, which provides, *in-*

*ter alia*, that "a municipal court has original jurisdiction within its territory * * * (C) in any action at law based on contract * * *." The monetary limit on the instant action is provided by R. C. 1901.17, which states that "a municipal court shall have original jurisdiction only in those cases when the amount claimed by any party * * * does not exceed five thousand dollars * * *." In the case at bar, the parties entered into a contract by which appellant bought certain equipment, paying $50 in cash and giving his promissory note for $1,450. Upon his failure to make payments on the note, an action was commenced by appellees, seeking a judgment for money only. This is the type of action which R. C. 1901.18(C) and R. C. 1901.17 encompass. For purposes of those sections, every municipal court in the state would have subject-matter jurisdiction of such an action.

This is not to say, however, that a plaintiff has complete freedom of choice in selecting his forum. Venue, which relates to the geographic division where a cause can be tried, must also be proper. *Loftus* v. *Pennsylvania Rd. Co.*, *supra* (107 Ohio St. 352), at 357.

Venue is a procedural matter. Although once the private domain of the General Assembly, it is now properly within the rule-making power of the Supreme Court under Section 5(B), Article IV of the Constitution of Ohio. Civ. R. 3(B), enacted pursuant to that power and providing where venue is proper within this state, reads:

"Any action may be venued, commenced and decided in any court in any county. When applied to county and municipal courts 'county' as used in this rule shall be construed where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:

"* * *

"(3) A county in which the defendant conducted activity which gave rise to the claim for relief;

"* * *

"(6) The county in which all or a part of the claim for relief arose * * *."

In the case at bar, the promissory note, for nonpayment of which this claim for relief arose, was made by appellant at the residence of the appellees in Oregon and was made payable there also. Thus, Oregon was where the defendant conducted activity which "gave rise" to the claim and where all or part of the claim "arose." See *Gastaldo* v. *Parker Appliance Co.* (1962), 173 Ohio St. 181, 183, 180 N. E. 2d 589.

Accordingly, under either Civ. R. 3(B)(3) or 3(B)(6), the Oregon Municipal Court was a proper forum for purposes of venue, and is vested with subject-matter jurisdiction under R. C. 1901.18(C).

Nevertheless, appellant contends that the 11 subsections of Civ. R. 3(B) do not provide alternative forums, but rather establish a sequential priority among forums beginning with 3(B)(1) (the county in which the defendant resides). Thus, he urges that the action could be venued under 3(B)(3) or (6) only if "a better situs is not available." We disagree. The first nine provisions of Civ. R. 3(B) are on an equal status, and any court specified therein *may* be a proper and initial place of venue. See McCormac, *supra*, at 480.

If a court has subject-matter jurisdiction and venue is proper, it remains only to effect valid service of summons upon the defendant in order to render a personal judgment against him. Such service must be carried out pursuant to the rules governing service of process, and those rules themselves must comport with the due process provisions of the Fourteenth Amendment to the United States Constitution.

Like venue, service of process is a matter of procedure which now falls within the ambit of this court's rule-making responsibility. See *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70, 72, 242 N. E. 2d 658. In accordance with such responsibility, the Rules of Civil Procedure now permit municipal courts to expand their reach in serving those alleged to have committed actionable wrongs.

Civ. R. 4.1(2), governing personal service, provides that:

"* * * When process issues from the municipal court, delivery shall be to the bailiff of the court for service on all defendants who reside or may be found within the county or counties in which that court has territorial jurisdiction and to the sheriff of any other county in this state for service upon a defendant who resides in or may be found in that other county * * *."

Civ. R. 4.6(A), entitled, Limits of effective service, states:

"All process may be served anywhere in this state and, when authorized by law or these rules, may be served outside this state." As was stated in the Rules Advisory Committee Staff Note to Civ. R. 4.6(A), "The rule [4.6(A)] assumes that the action has been properly brought from a venue point of view and that the particular court has jurisdiction of the subject matter of the action. Venue and jurisdiction over the subject matter being present, the rule provides that service of process may issue *anywhere in Ohio* * * *." (Emphasis added.)

Civ. R. 4.6(A) authorizes statewide service of process by a municipal court, and Civ. R. 4.1(2) explains how it is to be done in cases where personal service is demanded.

The record in this case discloses that Civ. R. 4.1(2) was complied with and that the defendant was personally served with notice of this action. It also reveals that he completely exercised a full opportunity to appear and defend himself against the allegations made.

In conclusion, we find that the Oregon Municipal Court had subject-matter jurisdiction of this action and that venue was proper there. We find also that appellant was correctly served with process, which enabled that court to render a valid personal judgment against him. The decision of the Court of Appeals is affirmed and the cause is remanded to the Oregon Municipal Court for further proceedings.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.