ELLIS et al., Appellants,

v.

MIDWESTERN INDEMNITY COMPANY, Appellee.

[Cite as *Ellis v. Midwestern Indemn. Co.* (1993), 85 Ohio App.3d 289.]

Court of Appeals of Ohio,
Greene County.

No. 92–CA–68.

Decided Feb. 17, 1993.

290

*James E. Cross,* for appellants.

*Stephen V. Freeze,* for appellee.

---

GRADY, Presiding Judge.

Plaintiffs Joseph A. Ellis and Genette A. Ellis appeal from the order of the trial court granting summary judgment in favor of defendant Midwestern Indemnity Company ("Midwestern Indemnity") on its motion.

Midwestern Indemnity has issued a policy of automobile liability insurance in which Joseph and Genette Ellis are named insureds. In July 1990, plaintiffs were injured in Ontario, Canada, when their vehicle collided with a vehicle operated by Andre Ares, a resident of Ontario. The Ares vehicle was then covered by a policy of liability insurance issued by a Canadian insurer, Continental Insurance Company of Canada, which has declined coverage of plaintiffs' claims, citing Ontario's "no-fault" insurance law.

The Ellises next filed a claim with their insurer, Midwestern Indemnity, pursuant to the uninsured motorist provision of their policy. The relevant coverage provisions of the policy state:

"We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle.

"Determination whether an insured person is legally entitled to recover damages or the amount of damages shall be made by agreement between that person and us. If no agreement is reached, the decision will be made by arbitration.

"If suit is brought to determine legal liability or damages without our written consent, we are not bound by any resulting judgment.

" \* \* \*

" 'Uninsured motor vehicle' means a motor vehicle which is \* \* \* insured by a bodily injury liability bond or policy at the time of the accident but the company denies coverage or is or becomes insolvent."

Midwestern Indemnity rejected the claim. The Ellises then filed this action on their complaint for breach of contract, declaratory judgment, and money damages.

Motions for summary judgment were filed by plaintiffs and defendant. The trial court overruled the plaintiffs' motion. Relying on *Kurent v. Farmers Ins. of Columbus, Inc.* (1991), 62 Ohio St.3d 242, 581 N.E.2d 533, the trial court granted

the defendant's motion for summary judgment on a finding that the Ellises had failed to show that they are legally entitled to recover damages under Ontario's no-fault statute. The trial court also held that it lacks subject matter jurisdiction of the claim for relief because to do so would require it to define and interpret the laws of another nation.

Plaintiffs have filed a timely notice of appeal and now present two assignments of error, which are discussed below.

## I

■ Plaintiffs' first assignment of error states:

"The trial court erred to the substantial detriment of appellants when it determined that it lacks subject matter jurisdiction in this case."

"Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits." *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 87, 61 O.O.2d 335, 336, 290 N.E.2d 841, 842. Section IV, Article 4(B) of the Ohio Constitution provides: "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." In turn, R.C. 2305.01 provides:

"The court of common pleas has original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from the decisions of boards of county commissioners."

The action brought by plaintiffs is for breach of contract, declaratory judgment, and money damages as a relief of both claims. The contract was made in Ohio between Ohio parties. The merits of claims for relief based on it are within the subject matter jurisdiction of the court of common pleas. Midwestern Indemnity does not contest that the trial court erred in finding to the contrary.

The insurance contract provides for arbitration. While that provision may require referral upon proper motion, it does not deprive the trial court of subject matter jurisdiction.

Plaintiffs' first assignment of error is sustained.

## II

Plaintiffs' second assignment of error states:

"The trial court erred to the substantial detriment of appellants when it misconstrued *Kurent v. Farmers Insurance Company of Columbus, Inc.,* 62 Ohio

St.3d 242 [581 N.E.2d 533] (1991) and failed to decide plaintiffs' claim on the merits."

The syllabus in *Kurent v. Farmers Ins. of Columbus,* provides:

"When an Ohio resident is injured in an automobile accident in a no-fault insurance state, by a resident of that state who is insured under that state's no-fault insurance laws, the Ohio resident's legal right to recover from the tortfeasor-motorist must be determined with reference to the no-fault state's laws. Where the no-fault state does not recognize a claim against the tortfeasor-motorist, the Ohio insured is not entitled to collect uninsured motorist benefits from his own insurer."

The plaintiffs' claim for uninsured motorist coverage is determined by their contractual relationship with Midwestern Indemnity. Under the contract the plaintiffs must show (1) that the Ares vehicle was uninsured and (2) that the plaintiffs are legally entitled to recover from him. *Id.*

■ Under the terms and definitions of the contract between plaintiffs and Midwestern Indemnity, the Ares vehicle is an uninsured motor vehicle because it was insured by a bodily injury liability policy at the time of the accident and the company providing coverage denied coverage of the injuries and losses claimed by plaintiffs as a result of the accident.

■ Whether plaintiffs are legally entitled to recover from Ares must be determined with reference to the law of the Canadian province of Ontario, which is a "no-fault" jurisdiction. The relevant provisions of the Ontario no-fault statute provide:

"(1) *In respect of loss or damage arising directly or indirectly from the use or operation,* after this section comes into force, of an automobile and despite any other Act, *none of the owner of an automobile,* the occupants of an automobile or any person present at the incident *are liable in an action in Ontario for loss or damage from bodily injury arising from such use or operation in Canada,* the United States of America or any other jurisdiction designated in the *No–Fault Benefits Schedule* involving the automobile *unless, as a result of such use or operation, the injured person has died or has sustained.*

"(a) *permanent serious disfigurement; or*

"(b) *permanent serious impairment of an important bodily function caused by continuing injury which is physical in nature.*

"(2) Subsection (1) does not relieve any person from liability other than the owner of the automobile, occupants of the automobile and persons present at the incident.

"(3) In an action for loss or damage from bodily injury arising directly or indirectly from the use or operation of an automobile, a judge shall, on motion made before or at trial, determine if the injured person has, as a result of the accident, died or has sustained.

"(a) permanent serious disfigurement; or

"(b) permanent serious impairment of an important bodily function caused by continuing injury which is physical in nature.

"(4) Even though a defence motion under subsection (3) is denied, the defendant may, at trial, in the absence of the jury, and following the hearing of evidence, raise the defence provided in subsection (1).

"(5) In a proceeding involving a plaintiff who cannot recover against the owner of an automobile, the occupant of an automobile or a person present at the incident because of the operation of subsection (1), a defendant is not liable for damages caused by any person who is excluded from liability because of the operation of subsection (1) and is not liable to contribute or indemnify in respect of such damages." (Emphasis added.)

Under the foregoing provisions, Andre Ares is immune from liability except for, *inter alia*, a permanent serious disfigurement. In support of plaintiffs' motion for summary judgment, Joseph A. Ellis stated by affidavit that among the injuries sustained by the plaintiffs, Genette A. Ellis suffered amputation of the distal phalanx of her right index finger. As reasonable minds may find from the evidence that Genette A. Ellis has suffered a permanent serious disfigurement, defendant Midwestern Indemnity was not entitled to summary judgment on its motion under the terms of Ontario's no-fault statute because genuine issues of material fact remain for determination.

■ *Kurent v. Farmers Ins. Co., supra,* does not require, as a condition of uninsured vehicle coverage, a prior determination by the courts of a foreign jurisdiction that an Ohio insured is legally entitled to recover for an injury or loss sustained in that foreign jurisdiction. In *Kurent,* the accident had occurred in Michigan and a personal injury action was pending there when the action on the insurance contract was brought in Ohio. The Ohio court deferred to the Michigan court for a determination of liability in the action then pending before it. That deference was based on the principle of comity. The decision neither limits such determinations as a matter of law to the courts of the foreign jurisdiction nor defeats an Ohio action for breach of contract or for a declaratory judgment on the insurance policy for lack of such a foreign action or determination. An Ohio court, which has subject matter jurisdiction of the dispute and personal jurisdiction of the parties, can make the determination with reference to

the law of the foreign jurisdiction for purposes of the action on the insurance contract.

Neither does *Kurent* require a prior determination of liability by the foreign jurisdiction to protect the insurer's rights of subrogation under its contract with the insured. Those rights entitle the insurer to stand in the place of the injured insured and to receive any proceeds due the insured up to the amount paid him by the insurer. They do not require that the insured prevail on his claim against the tortfeasor, but only require him to cooperate with the insurer's efforts in that regard. More important, the insurer's rights of subrogation do not preclude a determination by an Ohio court that the insured is legally entitled to recover from the tortfeasor simply because the foreign jurisdiction in which recovery may be ordered has not yet made that determination. To the extent that result was reached in *Kurent,* it was, again, a result reached by reason of comity, an action to determine liability having previously been filed and then being pending in the foreign jurisdiction.

We find that the trial court erred in granting summary judgment to Midwestern Indemnity on the rule of *Kurent.* Appellant's second assignment of error is sustained.

### III

Having sustained both of the assignments of error presented by plaintiffs, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

BROGAN and FAIN, JJ., concur.