Because I conclude that the Mentor Municipal Court did not have subject matter/territorial jurisdiction to decide this case, I respectfully dissent from the judgment and opinion of the majority.
Generally speaking, subject matter jurisdiction "is a court's power to hear and decide a case on the merits." State ex rel. Tubbs Jones v.Suster (1998), 84 Ohio St.3d 70, 75. In other words, "[s]ubject-matter jurisdiction defines the competency of a court to render a valid judgment in a particular action." Morrison v. Steiner (1972), 32 Ohio St.2d 86,87. Accordingly, jurisdictional defects cannot be waived by a party "because jurisdiction is a condition precedent to the court's ability to hear the case[,]" and any proclamation made by a court without jurisdiction is void ab initio. Suster at 75.
Subject matter jurisdiction among Ohio courts becomes somewhat complicated, however, when a comparison is drawn between courts of common pleas and municipal courts. Section 4(B), Article IV, of the Ohio Constitution states in pertinent part that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." Thus, courts of common pleas are courts of general jurisdiction and they can exercise such jurisdiction as is expressly granted to them by the General Assembly. BCL Enterprises, Inc. v. Ohio Dept. of Liquor Control (1997),77 Ohio St.3d 467, 469; Schucker v. Metcalf (1986), 22 Ohio St.3d 33,34. Moreover, while the venue of courts of common pleas is limited to their designated counties, their territorial jurisdiction is only limited to the state of Ohio. Section 4(B), Article IV, Ohio Constitution.
In contrast, the territorial jurisdiction of municipal courts is limited, as opposed to general, in nature. Stern v. Cleveland BrownsFootball Club, Inc. (Dec. 20, 1996), Lake App. No. 95-L-196, unreported, 1996 WL 761163, at 2. "Municipal courts are statutory courts and theirterritorial jurisdiction may not be enlarged except by statute." (Emphasis added.) Bedford v. Lacey (1985), 30 Ohio App.3d 1, 3-4. That is, municipal courts have territorial jurisdiction only within theircorporate limits, and such other territory as specified by the General Assembly.[1]
R.C. 1901.18 defines the subject matter jurisdiction of a municipal court. It provides in relevant part:
 "(A) Except as otherwise provided in this division or section 1901.181 of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory
in all of the following actions or proceedings and to perform all of the following functions:
"* * *
 "(3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract[.]" (Emphasis added.)
 Therefore, a municipal court's territorial jurisdiction is included as part of its subject matter jurisdiction. As a result, a municipal court can hear an action only if the following conditions are first satisfied: (1) the claim for damages is within the court's monetary jurisdiction; (2) the cause of action is included within one of the categories specified in R.C. 1901.18; and (3) the events giving rise to the claim occurred within the territorial jurisdiction of the municipal court. Stern at 3; Rose v. Mays (Nov. 1, 1995), Montgomery App. No. 15084, unreported, 1995 Ohio App. LEXIS 4863, at 10. See, e.g., Sharp v. Shelby Mut. Ins. Co. (1968), 15 Ohio St.2d 134, paragraph two of the syllabus; Gibson v. Summers Constr. Co. (1955), 163 Ohio St. 220, paragraph one of the syllabus.
Some courts in this state, however, disagree with this conclusion and have held that every municipal court has subject matter jurisdiction to hear a particular case so long as the claim does not exceed the monetary jurisdiction of municipal courts and is included within the ambits of R.C. 1091.18. Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc. (1985),23 Ohio App.3d 85; Williams v. Jarvis (Aug 26, 1999), Cuyahoga App. No. 74580, unreported, 1999 Ohio App. LEXIS 3964.
In other words, they have effectively substituted venue for territorial jurisdiction. By doing so, these courts have expressly rejected the statutory jurisdictional requirement that the event giving rise to the cause of action must occur within the territorial limits of the municipality. Instead, these courts apparently have concluded that the territorial limits of a municipality only dictate venue rather than subject matter/territorial jurisdiction. Brooks at 88; Williams at 7.
I disagree with this analysis for several reasons. First, the authority relied upon to reach that conclusion appears to have been misinterpreted by these courts. In Morrison, 32 Ohio St.2d 86, at 87-88, the Supreme Court of Ohio noted the following:
 "Subject-matter jurisdiction of Ohio municipal courts is created and defined by R.C. 1901.18, which provides, inter alia, that `a municipal court has original jurisdiction within its territory * * * (C) in any action at law based on contract * * *." The monetary limit on the instant action is provided by R.C. 1901.17, which states that `a municipal court shall have original jurisdiction only in those cases when the amount claimed by any party * * * does not exceed five thousand dollars * * *.' In the case at bar, the parties entered into a contract by which appellant bought certain equipment, paying $50 in cash and giving his promissory note for $1,450. Upon his failure to make payments on the note, an action was commenced by appellees, seeking a judgment for money only. This is the type of action which R.C. 1901.18(C) and R.C. 1901.17 encompass. For purposes of those sections, every municipal court in the state would have subject-matter jurisdiction of such an action." (Emphasis added.)
 From this passage, the courts in Brooks and Williams
determined that because the Supreme Court did not mention R.C. 1901.02 in connection with the issue of subject matter jurisdiction, "the [Court] considered that section to be a venue (procedural) section despite the language therein about `territorial' jurisdiction." Brooks at 88. I disagree.
To the contrary, I conclude that there is only one interpretation consistent with the language of the statutory grant of subject matter jurisdiction to municipal courts in Ohio. That is, any municipal court can hear and decide a case so long as the claim does not exceed the monetary jurisdiction and the claim arose within the territorial jurisdiction of that particular municipal court.
In Morrison, the Supreme Court did not need to resolve whether the underlying event occurred within the territorial jurisdiction of the municipal court for two reasons. First, the defendant was challenging the power of the municipal court to issue service of process to an individual person living outside the court's statutorily prescribed boundaries. The challenge was not to the court's subject matter or territorial jurisdiction. Second, the event giving rise to the cause of action unquestionably occurred within the municipal court's territorial limits.
Specifically, the facts showed that the defendant, a resident of Van Buren, Hancock County, Ohio, went to the home of the plaintiffs, residents of Oregon, Lucas County, Ohio to inspect some bee-keeping equipment that was for sale. After examining the equipment, the defendant decided to purchase it for $1,500. He made a $50 down payment, and signed a promissory note for the remaining balance. Subsequently, the defendant made several trips between his home and the plaintiffs' to pick-up the equipment.
Eventually, the plaintiffs filed suit against the defendant in the Oregon Municipal Court seeking judgment for the amount of the promissory note plus interest. Appellant moved the trial court to quash service of process and dismiss the complaint, arguing that the Oregon Municipal Court lacked subject matter jurisdiction, personal jurisdiction, and that the matter was not properly venued. The trial court denied the defendant's motion and judgment was entered in favor of the plaintiffs. Ultimately, this decision was affirmed by the Supreme Court on appeal.
Thus, as can be seen, there was no need to determine whether the Oregon Municipal Court had territorial jurisdiction, i.e., subject matter jurisdiction, because the parties clearly entered into the contract within the territorial limits of the court. Instead, the Supreme Court's comments concerning subject matter jurisdiction could only have been made in the context of distinguishing it from venue.
Certainly, I agree that subject matter jurisdiction and venue are usually distinct concepts. However, for a municipal court to be empowered to decide a case, not only must it have traditional subject matter jurisdiction, it must also have territorial jurisdiction as well. Venue is a non-issue because it has essentially merged with territorial jurisdiction.[2]
Further, the conclusion that the term "territory" only concerns the venue of a municipal court case is inconsistent with other statutory provisions delineating the power of a municipal court. For example, in R.C. 1901.19(A), the General Assembly has stated that "[s]ubject to the monetary jurisdiction of municipal courts * * * and the subject matter jurisdiction of municipal courts * * *, a municipal court * * * [has]jurisdiction within its territory to perform * * *" certain functions relating to the enforcement of its powers. (Emphasis added.)
Moreover, R.C. 1901.20, which sets forth the criminal jurisdiction of municipal courts, also limits its reach to "the violation of any ordinance of any municipal corporation within its territory * * *, and of the violation of any misdemeanor committed within the limits of itsterritory." (Emphasis added.) See, also, State v. Awan (1986),22 Ohio St.3d 120, 122. Therefore, to embrace the view propounded by the courts in Brooks and Williams would clearly conflict with other sections relating to the authority of a municipal court to decide a case.[3]
Most importantly, the General Assembly has expressly defined the term "territory" as "the geographical areas within which municipal courts havejurisdiction as provided in sections 1901.01 and 1901.02 of the Revised Code." (Emphasis added.) R.C. 1901.03(A). As a result, the use of the phrase in R.C. 1901.18 "a municipal court has original jurisdiction within its territory" is unambiguous and has a clear meaning; i.e., a municipal court has subject matter jurisdiction over a case only when the claim originates within the territorial boundaries of the municipality. SeeRose, 1995 Ohio App. LEXIS 4863, at 8-9.
R.C. 1.42 states in part that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." See, also, State ex rel. Antonucci v. Youngstown City SchoolDist. Bd. of Edn. (2000), 87 Ohio St.3d 564, 565 (holding that because the "paramount concern in construing a statute is the legislative intent in its enactment[,]" courts "must first look at the statutory language, and words and phrases used shall be read in context and construed according to the rules of grammar and common usage."). As the Second Appellate District in Rose, supra, aptly noted:
 "R.C. 1901.02, defining the territorial jurisdiction of the court, R.C. 1901.03(A), which defines the word `territory,' and R.C. 1901.19, all explicitly use the word `jurisdiction,' and not `venue.' To ignore this unambiguous language and hold that the statutes relate only to venue would be to ignore the unequivocal language of these statutes, and reverse the traditional and long-standing territorial nature of municipal courts." Rose at 9.
 Turning to the facts of the case at bar, the Mentor Municipal Court has subject matter jurisdiction within its own corporate limits and within the municipal corporation of Mentor-on-the-Lake, R.C. 1901.02(B), as well as that portion of Lake Erie lying north, beyond the south shore, to the international boundary line between the United States and Canada, and between the easterly and westerly boundary lines of the adjacent municipal or county courts, in addition to concurrent jurisdiction in Lake Erie with any adjacent county or municipal courts that borders on Lake Erie. R.C. 1901.023.
The record, however, shows that the contract between appellants and appellee was entered into and allegedly breached in the municipality of Painesville, which is the location of appellee's place of business. Accordingly, applying the foregoing analysis, the Mentor Municipal Court lacked subject matter jurisdiction to proceed with the claim filed by appellants because the cause of action originated within the territorial jurisdiction of the Painesville Municipal Court. There is absolutely nothing before this court indicating that the underlying catalyst for the claim was located or arose within the territory of the Mentor Municipal Court. Therefore, because subject matter/territorial jurisdiction was not proper, the judgment entered by the Mentor Municipal Court is void ab initio. Thus, I would vacate the trial court's judgment and dismiss the case. For these reasons, I respectfully dissent from the judgment and opinion of the majority.
____________________________ JUDGE JUDITH A. CHRISTLEY
[1] R.C. 1901.02(B) specifically designates the general territorial jurisdiction of each municipal court in Ohio. Other provisions within Revised Code Chapter 1901 expand the territorial jurisdiction of certain municipal courts to include jurisdiction over actions arising on the Ohio River and Lake Erie. See R.C. 1901.023 and 1901.027.
[2] In Ohio, venue is governed by Civ.R. 3(B).
[3] See, also, R.C. 1901.021(A), which states:
 "The judge or judges of any municipal court established under division (A) of section 1901.01 of the Revised Code having territorial jurisdiction outside the corporate limits of the municipal corporation in which it is located may sit outside the corporate limits of the municipal corporation within the area of its territorial jurisdiction." (Emphasis added.)