OPINION
{¶ 1} Defendant, James Davis, appeals from his conviction and sentence for driving without a license and for speeding.
 {¶ 2} On May 24, 2002, Defendant was charged by way of a traffic citation with speeding, R.C. 4511.21(C); operating a motor vehicle without a valid driver's license, R.C. 4507.02(A); and a seat belt violation, R.C. 4513.263(B)(1). Defendant entered not guilty pleas and the matter was set for trial.
 {¶ 3} On August 7, 2002, just minutes prior to trial, Defendant filed a motion to dismiss alleging various "jurisdictional defects." The trial court overruled that motion. Following that, Defendant and the State entered into several stipulations.
 {¶ 4} Those stipulations are as follows: that Defendant did not have a driver's license at the time of these offenses; that Defendant was not wearing a seat belt while operating his vehicle; that Defendant was driving fifty-eight miles per hour in a forty mile per hour zone; that Defendant is the person named in the traffic citation; and, that these offenses occurred within the City of Dayton, Montgomery County, Ohio.
 {¶ 5} The case was submitted to the trial court for decision on the stipulations. The court found Defendant guilty of speeding and operating his vehicle without a valid driver's license. The trial court found Defendant not guilty of the seat belt violation. On the speeding charge, the trial court fined Defendant fifty dollars. For driving without a license, the court sentenced Defendant to one hundred eighty days in jail, suspended that jail time, and fined Defendant one hundred dollars plus court costs. Execution of sentence was suspended pending Defendant's appeal to this court.
 {¶ 6} Defendant has timely appealed to this court from his conviction and sentence. At the outset, we note that on appeal Defendant challenges only his conviction for operating a motor vehicle without a valid driver's license. R.C. 4507.02(A)(1).
First Assignment Of Error
 {¶ 7} "The Trial Court Erred By Charging And Convicting Appellant Of Driving Without An Ohio Driver's License In Violation Of Ohio Revised Code 4507.02(A)(1), Because There Is No Bona Fide Requirement In The State Of Ohio That Appellant Have An Ohio Driver's License."
Second Assignment Of Error
 {¶ 8} "The Trial Court Erred By Charging And Convicting Appellant Of Driving Without An Ohio Driver's License In Violation Of Ohio Revised Code 4507.02(A)(1), Because There Can Be No Bona Fide Requirement In The State Of Ohio That Appellant Have A Class D Ohio Driver's License, Because A Class D Ohio Driver's License Does Not Exist In Ohio Law, Except Possibly As A Further Category Of A Commercial License, And, Therefore, No Subject Matter Jurisdiction Was Or Could Be Conferred Upon The Dayton Municipal Court In Case Number 02-TRD-10693."
Third Assignment Of Error
 {¶ 9} "The Trial Court Erred By Charging And Convicting Appellant Of Driving Without An Ohio Driver's License In Violation Of Ohio Revised Code 4507.02(A)(1), Because The Uniform Traffic Ticket Does Not Conform To Bona Fide And Fundamental Ohio Law And, Therefore, No Bona Fide Subject Matter Jurisdiction Was Or Could Be Conferred Upon The Dayton Municipal Court."
Fourth Assignment Of Error
 {¶ 10} "The Trial Court Erred By Charging And Convicting Appellant Of Driving Without An Ohio Driver's License In Violation Of Ohio Revised Code 4507.02(A)(1), Because The Uniform Traffic Ticket Does Not Conform To Fundamental Requirements Of The Constitution Of The State Of Ohio And, Therefore, No Bona Fide Subject Matter Jurisdiction Was Or Could Be Conferred Upon The Dayton Municipal Court In Case Number 02-TRD-10693."
Fifth Assignment Of Error
 {¶ 11} "The Trial Court Erred By Charging And Convicting Appellant Of Driving Without An Ohio Driver's License In Violation Of Ohio Revised Code 4507.02(A)(1), Because The Driver's License Issued By The State Of Ohio Is, In Fact, A Commercial License Under Federal Law And, Therefore, No Bona Fide Subject Matter Jurisdiction Was Conferred Upon The Dayton Municipal Court, Since The Dayton Municipal Court Is A Legislative Court Of Limited Jurisdiction And Receives Its Jurisdiction Only As Specified In The Revised Code."
Sixth Assignment Of Error
 {¶ 12} "The Trial Court Erred By Charging And Convicting Appellant Of Driving Without An Ohio Driver's License In Violation Of Ohio Revised Code 4507.02(A)(1), Because The Ohio Legislature And/or The Dayton Municipal Court Cannot Convert A Right Into A Privilege, Therefore No Bona Fide Subject Matter Jurisdiction Was Or Could Be Conferred Upon The Dayton Municipal Court In Case Number 02-TRD-10693."
Seventh Assignment Of Error
 {¶ 13} "The Trial Court Erred By Charging And Convicting Appellant Of Driving Without An Ohio Driver's License In Violation Of Ohio Revised Code 4507.02(A)(1), Because Obtaining An Ohio Driver License Must Be Voluntary Because Any Requirement That Said License Be Obtained Would Be A Violation Of The Fifth Amendment Of The Federal Constitution And The Doctrine Of Unconstitutional Conditions And, Therefore, No Bona Fide Subject Matter Jurisdiction Was Or Could Be Conferred Upon The Dayton Municipal Court In Case Number 02-TRD-10693."
 {¶ 14} In these assignments of error Defendant sets forth a variety of challenges to the laws under which he was prosecuted. More specifically, Defendant challenges the validity of the law requiring him to have a valid driver's license in order to operate a motor vehicle in this state, and the form and content of the Uniform Traffic Ticket used to charge him with the traffic offenses at issue in this case. Defendant claims that, as a result of these defects, no subject matter jurisdiction was conferred upon the Dayton Municipal Court.
 {¶ 15} Subject matter jurisdiction of a court connotes the power and authority to hear and decide particular types of cases upon their merits. Morrison v. Steiner (1972), 32 Ohio St.2d 86. Article IV, Section18 of the Ohio Constitution provides:
 {¶ 16} "The several judges of the supreme court, of the common pleas, and of such other courts as may be created, shall, respectively, have and exercise such power and jurisdiction, at chambers, or otherwise, as may be directed by law."
 {¶ 17} Pursuant to R.C. 1901.20(A)(1), a municipal court is authorized to adjudicate alleged violations of any misdemeanor committed within the limits of its territory. Operating a motor vehicle without a valid driver's license in violation of R.C. 4507.02(A)(1) is a first degree misdemeanor. See: R.C. 4507.99(H). Speeding in violation of R.C.4511.21(C) is a minor misdemeanor. See: R.C. 4511.99(D)(1)(a). Defendant stipulated that these offenses were committed within the territorial limits of the Dayton Municipal court. Thus, it is beyond doubt that the Dayton Municipal Court is invested with the subject matter jurisdiction required to hear and decide the traffic offenses with which Defendant was charged and of which he was convicted.
 {¶ 18} The issues Defendant raises have no bearing on the subject matter jurisdiction of the Dayton Municipal Court to hear and decide the traffic charges against him. Rather, these issues are more in the nature of defenses and objections alleging defects in the institution of the prosecution. In criminal cases, those issues must be timely raised within thirty-five days after arraignment or seven days before trial, whichever is earlier, or they are waived. Crim.R. 11(C), (D), and (H). In traffic cases, defenses and objections based upon defects in the institution of the prosecution or defects in the complaint must be timely raised before a plea is entered: before or at arraignment. Traf.R. 11(B), (C). Otherwise, those issues are waived. Traf.R. 11(F).
 {¶ 19} Defendant failed to raise his defenses and objections to this prosecution in a timely manner as Traf.R. 11 requires. His motion to dismiss in which those matters were presented was filed just sixteen minutes prior to the scheduled start of his trial. Accordingly, Defendant has waived his right to present these issues. Traf.R. 11(F).
 {¶ 20} The assignments of error are overruled. The judgment of the trial court will be affirmed.
FAIN, P.J., WOLFF, J., and GRADY, J., concur.