[Cite as *Ewert v. Holzer Clinic, Inc.*, 2013-Ohio-5609.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

| | | |
|---|---|---|
| Deavina Ewert, as Administrator of the Estate of Dealena C. Bell, Deceased, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 13CA5 |
| | : | |
| v. | : | |
| | : | DECISION AND JUDGMENT ENTRY |
| Holzer Clinic, Inc., et al., | : | |
| | : | |
| Defendants-Appellees. | : | **RELEASED: 12/17/13** |

_____

APPEARANCES:

Leonard F. Lybarger and Lester S. Potash, Beachwood, Ohio for Appellant.

Karen L. Clouse, Arnold Todaro & Welch, Columbus, Ohio for Appellees.

_____

HARSHA, J.

{¶1}    Deavina Ewert, administrator of the estate of Dealena Bell, appeals the trial court's denial of her motion for a change of venue.  Ewert claims that R.C. 2311.39 applies rather than the venue provisions in Civ.R. 3(C)(4). She argues that if she complies with the provisions of R.C. 2311.39, the trial court has no discretion and must transfer venue of the case.  Alternatively, she argues that if Civ.R. 3(C)(4) governs, the trial court abused its discretion when it denied her motion for change of venue. Because venue is a procedural matter within the rule-making authority of the Supreme Court of Ohio under the Ohio Constitution and the statute conflicts with the rule, Civ.R. 3(C)(4) governs change of venue motions. Furthermore, the trial court did not abuse its

discretion in denying Ewert's motion to change venue under that rule.  Accordingly, we affirm the trial court's judgment.

## I. Facts

{¶2}     Appellant Ewert, the administrator of the estate of Dealena Bell, brought a wrongful death action against Holzer Clinic, Holzer Medical Center, and Renuka Kandula, M.D. in Gallia County Court of Common Pleas.  Approximately seven months after commencing her suit, Ewert moved for a change of venue under R.C. 2311.39. She submitted her own affidavit and those of five residents of Gallia County, which stated the affiants did not believe Ewert would be able to have a fair and impartial trial in Gallia due to the size and presence of Holzer Clinic in the county. She also submitted a copy of a shareholder list for Holzer Clinic obtained from the Ohio Secretary of State's website; however, the copy was not certified pursuant to Evid.R. 902(4). That document provides a complete list of shareholder as of June 30, 2008.[1]  Ewert filed her lawsuit in October, 2010, over two years after the shareholder filing.  Appellees opposed the motion on the grounds that Civ.R. 3 governs venue and the action was properly filed in Gallia County.

{¶3}     After conducting a hearing on Ewert's motion for a change of venue, the trial court denied it. The trial court decided that Civ.R. 3 governed venue and that Ewert failed to present evidence supporting a change in venue. The case proceeded to trial

---

[1] There is a factual discrepancy in the record concerning the date of this shareholder list. Counsel for Ewert's affidavit states that the Holzer Clinic shareholder list was filed by Holzer Clinic with the Ohio Secretary of State on July 10, 2010 and shows that the company currently has more than fifty shareholders.  The exhibit attached to his affidavit, however, is dated July 25, 2008 and states that it is accurate as of June 30, 2008. Because we ultimately decide that R.C. 2311.39 is invalid, this discrepancy is immaterial.

and a jury rendered its verdict in favor of the Appellees.

## II.  Assignment of Error

{¶4}     Ewert assigns one error for our review:

{¶5}     The trial court committed reversible error when overruling plaintiff's motion for a change of venue.

## III.  Motion for Change of Venue under R.C. 2311.39

{¶6}     In her sole assignment of error, Ewert contends that the trial court committed prejudicial error when it failed to grant her motion to change venue. Ewert's motion for change of venue was brought pursuant to R.C. 2311.39, which provides:

> When a corporation having more than fifty stockholders is a party in an action pending in a county in which the corporation keeps its principal office, or transacts its principal business, if the opposite party makes affidavit [sic] that he cannot, as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five creditable persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties.

{¶7}     In accordance with this statute, Ewert provided her affidavit and the affidavit of five residents of Gallia County, which stated that Holzer Clinic was one of the largest employers and one of the largest medical care providers in Gallia County. Because of Holzer Clinic's size, none of them believed that Ewert could have a fair and impartial trial. As previously mentioned, Ewert also submitted the uncertified copy of the Holzer Clinic shareholder filing from June 30, 2008. This document appears to be the only evidence in the record purporting to show the number of Holzer Clinic stockholders; and as also previously noted, the shareholder list was over two-years-old at the time Ewert filed her lawsuit.

{¶8}     The trial court held that Civ. R. 3, not R.C. 2311.39, governed venue.  The

trial court found that the passage of Article IV, Section 5 of the Ohio Constitution, known as the Modern Courts Amendment, rendered RC 2311.39 ineffective. As a result, the Ohio Rules of Civil Procedure, specifically Civ.R. 3, governed issues of venue. The trial court further found that, even if R.C. 2311.39 were applicable, Ewert had not met her burden under the statute because she failed to present evidence concerning the number of shareholders of Holzer Clinic. The trial court also found that Ewert failed to present any witness testimony at the hearing. As a result, the trial court overruled Ewert's motion to change venue. Ewert did not renew her motion to transfer venue at any time prior to trial or after voir dire of the jurors.

## A.  The Modern Courts Amendment

{¶9}     We begin our analysis with the 1968 Modern Courts Amendment to the Ohio Constitution, which effectuated judicial reform. That amendment authorized the Supreme Court of Ohio to make rules related to matters of procedure in the Ohio courts. Set forth in Article IV, Section 5(B) of the Ohio Constitution, the relevant section of the amendment provides:

> (B) The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. . . . All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.

If a rule created pursuant to this provision conflicts with a statute, the rule will control for procedural matters and the statute will control for matters of substantive law. *Proctor v. Kardassilaris,* 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872.

{¶10}    Prior to the enactment of the Modern Courts Amendment, the Ohio General Assembly had enacted statutes governing the change of venue in corporate

suits.  See R.C. 2311.39.  Under the procedure set forth under R.C. 2311.39, a party seeking a change of venue must submit five affidavits and prove that the corporate party had more than fifty stockholders.  After the Modern Courts Amendment, the Supreme Court of Ohio promulgated new rules governing venue set forth in Civ.R. 3. Under Civ.R.3(C)(4), a motion for a change of venue may be made by any party or by the court.  A court may transfer any action to an adjoining county when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending.  Thus, under Civ.R. 3(C)(4), the courts have independent power and discretion and may consider all forms of relevant evidence that shows whether a fair and impartial trial can be had in the county.  *See generally, State ex rel. Dunbar v. Ham*, 45 Ohio St. 2d 112, 341 N.E.2d 594 (1976).

## B.  Is there a conflict?

**{¶11}**    Ewert argues that R.C. 2311.39 does not conflict with Civ.R. 3(C)(4) because R.C. 2311.39 it is not a general venue statute, therefore it is "substantive and not a procedural provision."  We disagree with this logic. Merely because one provision may be substantive and another procedural does not ipso facto mean there is no conflict.  And merely declaring the statute to be a special venue provision rather than a general one does not justify a conclusion that the statute is substantive, rather than procedural.  More importantly, Ewert's analysis puts the cart before the horse.  The proper analysis first looks at the provisions of the statute and the rule to determine if they are conflicting.  If there is a conflict, then we must determine if the body of law that the provisions regulate is substantive or procedural. *See generally, Havel v. Villa St.*

*Joseph*, 131 Ohio St.3d 235, 2012-Ohio-552, ¶¶ 12-16.

**{¶12}** Civ. R. 3(C)(4) conflicts with R.C. 2311.39 in several respects. First, the procedure that must be followed when seeking to change venue of a corporate case differs. Under R.C. 2311.39, only the party opposing a corporate party may apply for a change of venue. Under Civ.R. 3(C)(4), the corporate party and the court may be the impetus for a change of venue. Second, the evidence that must be considered and the weight afforded the evidence is different. Under R.C. 2311.39, a court must consider affidavit testimony and the number of stockholders of the corporation, giving great weight to both. Under Civ.R.3(C)(4) a court can change venue whenever it appears that a fair and impartial trial cannot be had in the county where the suit is pending, giving the court a wide range of factors that it may consider in making this determination. Finally, under R.C. 2311.39 and the case law interpreting it, as long as the fifty stockholder provision is met, a court has limited discretion and may refuse to change venue only if the credibility of the affiants is challenged and the court finds the credibility of the affiants lacking. However, if the credibility of the affiants is not challenged, then the court must transfer venue. *Snell v. Cincinnati St.Ry.Co.*, 60 Ohio St. 256, 5 N.E. 270 (1899). Under Civ.R. 3(C)(4), a court has discretion and may transfer venue whenever it appears that a fair and impartial trial cannot be had in the county.

**{¶13}** Because R.C. 2311.39 and Civ.R. 3 conflict, we must next determine whether venue is a procedural or a substantive matter. *See Havel, supra*. Fortunately, the Supreme Court of Ohio has already made a pronouncement that venue is a procedural matter: "The delineation of proper venue is a procedural matter and is within

the rule-making power of the Ohio Supreme Court." *Morrison v. Steiner,* 32 Ohio St.2d 86, 290 N.E.2d 841, paragraph two of the syllabus (1972). "Venue is a procedural matter. Although once the private domain of the General Assembly, it is now properly within the rule-making power of the Supreme Court under Section 5(B), Article IV of the Constitution of Ohio." *Id.* at 88. Because the Supreme Court of Ohio has determined that venue is a procedural matter, the rules governing proper venue and motions to change venue are procedural in nature. *Id.* (Civ.R. 3(B) is procedural); *State ex rel. Starner v. DeHoff,* 18 Ohio St.3d 163, 480 N.E.2d 449 (1985)(Under Civ.R.3(C)(4) the only basis for a transfer of venue from a county where the venue is proper is when the transfer is necessary to obtain a fair trial). Because the conflict between Civ.R. 3(C)(4) and R.C. 2311.39 involves a procedural matter, Civ.R. 3(C)(4) must prevail. Therefore, the provisions of R.C. 2311.39 are invalid and of no force and effect.

{¶14}    Ewert does not address the holding of *Morrison,* attempt to distinguish it, or explain why it should not be followed. Instead, Ewert relies on *Havel*, a case involving bifurcation of damages and argues that, by analogy, we should find the venue provisions at issue to be substantive in nature. However, in view of the clear pronouncement in *Morrison*, we need not search through cases on other legal topics to create analogies. *Morrison* is directly on point and is binding law: "Venue is a procedural matter." *Morrison* at 88.

{¶15}    Moreover, the discussion in *State v. Greer,* 39 Ohio St.3d 236, 245, 530 N.E.2d 382, 395 (1988) bolsters the conclusion that we deal with a procedural matter here. In *Greer*, the Supreme Court of Ohio determined that Crim.R. 24(C), rather than

R.C. 2945.21(A)(2), governed the number of peremptory challenges granted to a defendant. In discussing the distinction between substantive rights and procedural matters, the Court said:

> While we recognize that rules of procedure may have an occasional substantive effect, it is yet generally true that laws which relate to procedures are ordinarily non-substantive in nature. These would include *rules* of practice, *courses* of procedure and *methods* of review, but not the rights themselves. The present case presents a classic example of an underlying substantive right, the right to peremptorily challenge jurors during voir dire, which application is regulated by a Rule of Criminal Procedure which sets forth the time and manner as well as the number of times such right may be exercised. The number of allowable peremptory challenges has, with near unanimity, been declared a matter of procedure . . . (.)

*Id.* (emphasis in original). Likewise in this case, while the right to a fair and impartial trial is a fundamental tenet of our judicial system, rules governing proper venue and methods by which venue is transferred to other counties involve matters of procedure and are regulated by the Supreme Court of Ohio through the Rules of Civil Procedure.

IV.  Motion for a Change of Venue under Civ.R. 3(C)(4)

{¶16}    Ewert argues alternatively that in the event we should find Civ.R. 3(C)(4) applicable, we should find that the trial court abused its discretion in denying her motion to change venue. In a motion for change of venue, the moving party bears the burden of proof. *Paulding Cty. Hospital v. Robinson*, 3rd Dist. Paulding App. No. 11-04-17, 2005-Ohio-1701; *Grenga v. Smith,* 11th Dist. Trumbull App. No. 2001-T-0040, 2002-Ohio-1179. A trial court's decision on a motion to change venue is reviewed under an abuse of discretion standard. *Premier Assoc., Ltd. v. Loper,* 149 Ohio App.3d 660, 2002-Ohio-5538, 778 N.E.2d 630, at ¶ 37 (2nd Dist.). Abuse of discretion implies that the

trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶17}** Because Ewert filed the motion for change of venue, she carried the burden of showing why venue should be changed. In her motion, Ewert asserted she could not receive a fair and impartial trial in Gallia County because Holzer Clinic is a large physicians group, having more than fifty stockholders, with its principal office in Gallia County.  Because of that, Ewert claimed that it was unlikely that there would be any person who had not been a patient or employee of Holzer Clinic. The five affiants all stated that they believed that Holzer Clinic was one of the largest employers and one of the largest medical care providers in Gallia County. As a result, they did not believe Ewert could have a fair and impartial trial.

**{¶18}** The trial court held a hearing on Ewert's motion.  The trial court's journal entry denying the motion states that the only persons present for the hearing were the parties' attorneys. There is no record of any witnesses or hearing exhibits.  Additionally, Ewert did not provide us with a transcript of the hearing.  As the appellant, Ewert has the burden of providing this court with a record of the facts, testimony, and evidentiary matters necessary to support her assignment of error. See *State v. Gilbert*, 4th Dist. Pickaway App. No. 02CA10, 2003-Ohio-2598; *State v. Robinson,* 4th Dist. Scioto App. No. 00CA2698, 2000-Ohio-1972. When an appellant fails to provide a transcript necessary for the resolution of an assigned error, we presume that the trial court's decisions were correct. See *Gilbert,* supra; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980)(appellant's failure to provide a reviewing court with a

transcript of the proceedings in the trial court necessitates a presumption that the judgment and proceedings in the trial court were valid).

**{¶19}**    The trial court's denial was based on the fact that Ewert did not carry her burden of proof to show she could not receive a fair trial in Gallia County.  The only evidence before the trial court were the affidavits that accompanied the motion, which was filed pursuant to R.C. 2311.39.  As we noted, these affidavits stated that Holzer Clinic was one of the largest employers and providers of medical care in Gallia County. For that reason alone, the affiants did not believe Ewert could receive a fair and impartial trial.   Such broad and unsubstantiated statements fail to conclusively establish that Ewert could not receive a fair trial in Gallia County. Given our presumption of the validity of the court's ruling at the hearing and the paucity of evidentiary material in the record, we cannot say that the trial court abused its discretion in denying Ewert's motion for a change of venue.  Accordingly, we affirm the trial court's decision.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court



BY:  _____
         William H. Harsha, Judge




### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**