[Cite as *Loy v. Collins*, 2016-Ohio-7505.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MARK LOY | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JENNIFER COLLINS | : | Case No. 2016CA00089 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Family Court Division, Case No. 2015JCV00957


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     October 24, 2016


APPEARANCES:

For Plaintiff-Appellant

TRACEY A. LASLO
325 East Main Street
Alliance, OH  44601

For Defendant-Appellee

BRANDEN L. DICKERSON
122 Cleveland Avenue, NW
Canton, OH  44702

*Farmer, P.J.*

{¶1} Appellee, Jennifer Collins, is the mother of C.L. born May 9, 2002. Appellant, Mark Loy, is the child's legal father pursuant to an affidavit of paternity. A child support order was never issued.

{¶2} On June 16, 2015, appellee requested public assistance for herself and the child from Stark County Job and Family Services. Appellee listed her residential address as one located in Navarre, Ohio, located in Stark County. Appellee and the child received public assistance and their information was passed to the Stark County Child Support Enforcement Agency (hereinafter "SCCSEA"). An administrative hearing was held on September 16, 2015. By administrative order dated September 23, 2015, the hearing officer ordered appellant to pay appellee child support in the amount of $355.17 per month when private health insurance is provided or $421.13 per month when private health insurance is not provided.

{¶3} On October 25, 2015, appellant filed objections with the Court of Common Pleas of Stark County, Ohio, Family Court Division. On February 10, 2016, appellant filed a dual motion to vacate and to dismiss, claiming said court lacked jurisdiction to hear the child support matter as the parties lived in Columbiana County, not Stark County. A hearing was held on March 28, 2016. By judgment entry filed March 29, 2016, the trial court denied the dual motion.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTIONS TO VACATE AND TO DISMISS.   ALL PARTIES TO THIS MATTER RESIDE IN COLUMBIANA COUNTY, INCLUDING THE MINOR CHILD WHO CONTINUES TO ATTEND SCHOOL IN THE EAST LIVERPOOL SCHOOL SYSTEM OF COLUMBIANA COUNTY.  VENUE WAS NEVER PROPER IN STARK COUNTY UNDER OHIO CIV.R. 3, AND AS SUCH THIS MATTER MUST BE TRANSFERRED TO COLUMBIANA COUNTY."

I

{¶6}   Appellant claims the trial court erred in failing to grant his dual motion to vacate and to dismiss, as the matter was improperly venued in Stark County because all the parties resided in Columbiana County.  We disagree.

{¶7}   In reviewing a motion to dismiss, our standard of review is de novo.  *Greeley v. Miami Valley Maintenance Contractors, Inc.,* 49 Ohio St.3d 228 (1990).

{¶8}   Civ.R. 12(B)(1) and (3) address the issues of lack of jurisdiction over the subject matter and improper venue, respectively.  In his dual motion filed February 10, 2016, appellant argued a lack of jurisdiction and never argued improper venue.  Civ.R. 12(H) states the following:

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a

responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

{¶9}   Subject-matter jurisdiction and venue are separate issues.  "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits; venue connotes the locality where the suit should be heard."  *Morison v. Steiner,* 32 Ohio St.2d 86 (1972), paragraph one of the syllabus.   "Subject-matter jurisdiction defines the competency of a court to render a valid judgment in a particular action."  *Id.* at 87.  Venue, relating "to the geographic division where a cause can be tried, must also be proper," and is a procedural matter.  *Id.* at 88.

{¶10} This matter commenced with appellee filing for public assistance in Stark County.  Once she and the child received public assistance, SCCSEA began proceedings to establish child support in accordance with Ohio Adm.Code 5101:12-45-05(D) which states: "The CSEA with administrative responsibility shall establish a support order for a child who receives Ohio Works First or Medicaid."   Ohio Adm.Code 5101:12-10-03 governs "administrative responsibility."  Subsection (D)(6) states the following:

When a child support order has never been issued and the duty of support is based on a final and enforceable determination of paternity or a presumption of paternity other than a JFS 07038, "Acknowledgment of Paternity Affidavit" (effective or revised effective date as identified in rule 5101:12-1-99 of the Administrative Code), the CSEA in the county in which

the parent, guardian, or custodian of a child resides or the person with whom a child resides has administrative responsibility.

{¶11} A child support order was never issued, and pursuant to the hearing officer's September 23, 2015 decision, appellant's duty of support was based on "either a final Acknowledgment of Paternity Affidavit filed with the Central Paternity Registry, a presumption of paternity pursuant to section 3111.03 of the Ohio Revised Code (ORC), or an administrative paternity determination by the Stark County CSEA."

{¶12} In his October 26, 2015 objections to the trial court, appellant listed: "Because I have one child and she has one child.  Because she does not live in the state of Ohio.  Because I can not (sic) afford the support order."

{¶13} In its judgment entry filed March 29, 2016 denying the dual motion, the trial court stated the following:

> The Plaintiff challenges the current order of support arguing that the court lacks jurisdiction over the subject matter.  This Court does, however, have subject matter jurisdiction over the issue of establishing or modifying child support.  See In re Z.R. 144 Ohio St.3rd 380; 15 Ohio 3306 (2015). Rather the issue here is whether Stark County is the appropriate venue for this case.
>
> The facts as presented to the court which are not in dispute are that the father resides in Columbiana County, Ohio.  The child attends school in East Liverpool, Ohio; Columbiana County.  The mother receives public

assistance in Navarre, Ohio; Stark County.  The residence of the child and mother is at issue.  She claims that she and the child reside in Navarre; the father claims they live in Columbiana County or West Virginia.

The Court finds that the mother receiving public assistance in Stark County is sufficient ground to justify venue in this county.

{¶14} Appellee testified she and the child resided in Navarre, and she drove the child to school in East Liverpool every day because the child has autism and she did not want to uproot the child into a different school system yet as the child "was going to have to change schools twice."  T. at 4.  Appellee received public assistance at the Navarre address in Stark County.  T. at 3-4.

{¶15} Because appellee testified to her and the child residing in Navarre, appellee receives public assistance at the Navarre address, and SCCSEA has "administrative responsibility" for establishing child support for the child, we find the trial court did not err in denying the dual motion.

{¶16} The sole assignment of error is denied.

{¶17} The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Wise, J. concur.


SGF/sg 1011