[Cite as *Portsmouth Daily Times v. New Boston*, 2022-Ohio-317.]

| | |
|---|---|
| PORTSMOUTH DAILY TIMES | Case No. 2021-00414PQ |
| Requester | Judge Patrick E. Sheeran |
| v. | <u>JUDGMENT ENTRY</u> |
| THE VILLAGE OF NEW BOSTON | |
| Respondent | |

{¶1} On December 23, 2021, a Special Master issued a Report and Recommendation (R&R) pursuant to R.C. 2743.75(F)(1). The Special Master states in the Report and Recommendation that "as the court's lack of jurisdiction over the current request is conclusively established by The [Portsmouth Daily] Time's reliance on federal FOIA [Freedom of Information Act] as its sole authority for making the request, it is unnecessary to further analyze the Village's assertion that [a certain report] is exempted in its entirety as privileged attorney-client communication and/or attorney work product, and the special master thus submits no recommendation thereon." (R&R, 4.) The Special Master recommends (1) granting a motion to dismiss filed by Respondent and (2) assessing costs to Requester. (R&R, 4.)

{¶2} Neither party has timely filed written objections to the Report and Recommendation, as permitted by R.C. 2743.75(F)(2). Pursuant to R.C. 2743.75(F)(2), if neither party timely objects to a special master's report and recommendation, then this Court is required to "promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation."

{¶3} The Court determines that there is an error of law or other defect evident on the face of the Report and Recommendation as to the issue of a lack of jurisdiction. Under Ohio law, the term "jurisdiction" "means 'the courts' statutory or constitutional power to adjudicate the case.' (Emphasis omitted.)" *Pratts v. Hurley*, 102 Ohio St.3d

81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11, quoting *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998); *Morrison v. Steiner,* 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972), paragraph one of the syllabus. The term "jurisdiction" "encompasses jurisdiction over the subject matter and over the person." *Pratts* at ¶ 11, citing *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 22 (Cook, J., dissenting).

{¶4} The Ohio Supreme Court has stated that subject-matter jurisdiction "defines the competency of a court to render a valid judgment in a particular action." *Morrison, supra*, at 87. As to the issue of personal jurisdiction, the Ohio Supreme Court has explained that personal jurisdiction over a defendant

> may be acquired either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court. The latter may more accurately be referred to as a waiver of certain affirmative defenses, including jurisdiction over the person under the Rules of Civil Procedure.

(Footnote omitted.) *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984).

{¶5} In R.C. 2743.75(A), the General Assembly established that, except for a court that hears a mandamus action pursuant to R.C. 149.43(B), the Ohio Court of Claims "shall be the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of [R.C. 149.43(B)]." *See* R.C. 149.43 (availability of public records). Under R.C. 2743.75(A) this Court therefore has statutory power to adjudicate this case. And, since both parties have voluntarily submitted to the jurisdiction of this Court in this case, personal jurisdiction has been established. The Court disagrees with the conclusion, as set forth in the Report and Recommendation, of a lack of jurisdiction. Because the Court possesses both subject-matter jurisdiction and

personal jurisdiction in this case, this Court therefore may render a valid judgment. *See Compton v. Compton*, 2d Dist. No. 99-CA-17, 1999 Ohio App. LEXIS 2592, at *3 (June 11, 1999) ("[i]t is fundamental that in order to grant relief requested on a claim presented in an action the court in which the action is filed must have both personal jurisdiction of the parties and subject-matter jurisdiction of the claim for relief involved").

{¶6} Nonetheless, the Court agrees with the view that Requester's reliance on the federal Freedom of Information Act (FOIA) as its sole authority for making its public-records request is unenforceable against a nonfederal entity, such as Respondent Village of New Boston. *See State ex rel. Carr v. City of Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 33 (observing that "the FOIA does not apply to nonfederal entities"). The Court further agrees with the view that, in this instance, the principle of judicial restraint counsels against rendering a determination as to the issue of attorney-client privilege or the issue of attorney work-product, or both. *See State ex rel. Luken v. Corp. for Findlay Mkt. of Cincinnati*, 135 Ohio St.3d 416, 2013-Ohio-1532, 988 N.E.2d 546, ¶ 25 ("The "'cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more'"—counsels against deciding issues rendered moot by our determination that the redacted information constitutes trade secrets. *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 34, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (D.C.Cir.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in the judgment)"); *Meyer v. UPS*, 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 53.

{¶7} Accordingly, for reasons set forth above, the Court adopts, in part, the Special Master's Report and Recommendation.  The Court GRANTS Respondent's motion to dismiss.  Judgment is rendered in favor of Respondent.  Court costs are assessed to Requester.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK E. SHEERAN
Judge

**Filed January 11, 2022**
**Sent to S.C. Reporter 2/4/22**