[Cite as *Cirotto v. Am. Self Storage of Pickerington, L.L.C.*, 2023-Ohio-4335.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHRISTOPHER CIROTTO | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | Hon. Andrew J. King, J. |
| -vs- | Case No. 23 CA 14 |
| AMERICAN SELF STORAGE of<br>PICKERINGTON, LLC, et al. | |
| | O P I N I O N |
| Defendants-Appellees | |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 22 CV 86

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      December 1, 2023

APPEARANCES:

For Plaintiff-Appellant

CHRISTOPHER CIROTTO PRO SE
750 West Rich Street
#410
Columbus, Ohio 43222

For Defendant-Appellee

THOMAS M. MCCASH
55 South High Street
#210
Dublin, Ohio 43017

*Wise, J.*

{¶1}   Appellant Christopher Cirotto appeals the February 22, 2023, decision of the Fairfield County Court of Common Pleas denying his Motion for Sanctions

{¶2}   Appellees are American Self Storage of Pickerington, LLC, et al.

### STATEMENT OF THE FACTS AND CASE

{¶3}   This action arises from a storage agreement between Appellant Christopher Cirotto and Appellees American Self Storage of Pickerington, LLC, et al.

{¶4}   For purposes of this appeal, the relevant facts and procedural history are as follows:

{¶5}   On March 2, 2022, Plaintiff-Appellant Christopher Cirotto initiated this case by filing a Complaint for injunctive relief and a motion for an emergency temporary protection order. Appellant alleged that Defendant-Appellee, American Self Storage of Pickerington, LLC, a self-storage company, was about to sell the property that he had stored on Appellee's premises. The trial court issued a temporary restraining order on the following day, restraining Appellee from selling, auctioning, destroying, or otherwise disposing of any property belonging to Appellant.

{¶6}   On March 14, 2022, Appellee filed a motion to dismiss or for change of venue, arguing that Appellant was a resident of Franklin County, Appellee's facility was located in Franklin County, and that there was no connection in this case to Fairfield County. The trial court agreed and on March 15, 2022, issued an order finding that it lacked jurisdiction over the matter and ordered the matter transferred to Franklin County.

**{¶7}** On May 5, 2022, Appellant filed a motion to add Robert Leveck as a defendant in this action and for Appellee to be held in contempt of court when it became apparent that Appellee had proceeded with the sale of Appellant's property.

**{¶8}** Even though the venue of the original complaint was improper, the trial court found that it still had the authority to enforce its orders and proceeded with a contempt hearing on June 7, 2022. The court found that Appellee had acted in contempt of the court's March 3, 2022, Order, and issued a financial sanction of $250 (with the appropriate opportunity for Defendant to purge the contempt).

**{¶9}** On September 7, 2022, Appellant filed a "Motion for Sanctions Against Defendant's Attorney Blair Lewis and for Leave of Court to Submit this Motion, For Good Cause."

**{¶10}** The trial court, finding that "motions for sanctions pursuant to R.C. 2323.51 and Civ.R. 11 are collateral to and independent of the primary action" (*Martell v. Martell*, 5th Dist. Stark No. 2018CA00017, 2018-0hio-4927, ¶ 27) and "therefore, even though the primary action in this case had concluded, the issue of sanctions remains extant, and ripe for this Court's review*." Barbato v. Mercy Med*. Ctr., 5th Dist. No. 2005 CA 00044, 2005-0hio-5219, ¶ 30.

**{¶11}** By Judgment Entry filed December 7, 2022, the trial court found that sanctions pursuant to Civ.R. 11 and/or R.C. §2323.51 were not appropriate in this case and overruled Appellant's motion.

**{¶12}** On February 22, 2023, the trial court re-issued its Opinion and Entry as a Nunc Pro Tunc to include "This is a final appealable order" language.

**{¶13}** Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶14} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN WRONGFULLY DISMISSING AND OVERRULING MY PLAINTIFF-APPELLANTS SEPTEMBER 7, 2022 MOTION FOR SANCTIONS AGAINST DEFENDANT-APPELLEE'S ATTORNEY BLAIR LEWIS, IN THE COURTS DECEMBER 7, 2022 OPINION, ENTRY, AND ORDER, AND FURTHER "BASICALLY" STATING THAT HIS ILLICIT CONDUCT WAS OK.

IN ADDITION, THIS SAME DECEMBER 7TH ORDER WAS ALSO WRONGFULLY CONTRARY TO ALL OF THE RELEVANT MATERIAL FACTS AND MATERIAL EVIDENCE CONTAINED IN A COURT REQUESTED, (NOVEMBER 3, 2022- AND AFTERWARDS, *NON-ORAL HEARING),* THAT ASKED FOR ANY ADDITIONAL INFORMATION AND WRITTEN ARGUMENT(S); WHEREBY I SUBMITTED ADDITIONAL EXAMPLES OF ATTORNEY BLAIR LEWIS'S UNETHICAL AND PROHIBITED BEHAVIOR, AS WELL AS ADDITIONAL COMPELLING ARGUMENTS. I DID SUBMIT THIS TO THE COURT ON NOVEMBER 3, 2022, TO ALSO BE CONSIDERED. AND IT SEEMED TO BE SIMPLY IGNORED BY THE COURT, BECAUSE NOTHING IN IT SEEMED TO BE MENTIONED OR ADDRESSED OR EVEN CONSIDERED.

{¶15} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION, BY NOT SETTING ASIDE ITS DECEMBER 7, 2022 OPINION, ENTRY, AND ORDER, AND COMING TO TERMS WITH ITS ERRORS AND WRONGFUL CONCLUSIONS REGARDING THAT OPINION, ENTRY, AND ORDER. INSTEAD, THE TRIAL COURT CONTINUED TO WRONGFULLY ERROR BY NOT ADDRESSING ANYTHING OF

SUBSTANCE CONTAINED IN MY DECEMBER 21, 2022 MOTION TO SET ASIDE ITS
PREVIOUS OPINION. ENTRV, [SIC] AND ORDER ... AND THE COURT JUST
BASICALLY RE-ISSUED ITS ORIGINAL ERRONEOUS AND WRONGFUL OPINIONS,
CONCLUSIONS, AND DECISIONS. NONE-THE-LESS, THE TRIAL COURT'S
FEBRUARY 22, 2023 ORDER, IS A FINAL APPEALABLE ORDER, WHICH I THEN
USED TO FILE MY NOTICE OF APPEAL WITH THIS FIFTH DISTRICT COURT ON
MARCH 22, 2023, WITHIN THE APPROPRIATE TIME THAT IS ALLOWED.

{¶16} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN
WRONGFULLY ALLOWING AND ACCEPTING ATTORNEY BLAIR LEWIS'S
RESPONSE TO MY MOTION ON OCTOBER 24, 2022. ATTORNEY BLAIR LEWIS'S
RESPONSE TO MY MOTION FOR SANCTIONS WAS DUE ON OR BEFORE
SEPTEMBER 21, 2022. YET WITH NO EXCUSE OF ANY KIND, AND WITH NO GOOD
FAITH MOTION FOR LEAVE OF COURT TO DO SO ... BLAIR LEWIS WAS ALLOWED
TO SUBMIT A 30-DAY LATE RESPONSE, AND THEN HAVE IT ERRONEOUSLY AND
WRONGFULLY CONSIDERED, AS IF IT WERE TRUE. IT CONTAINED NO SWORN
AFFIDAVIT AS TO ITS TRUTHFULNESS, NOR DID IT CONTAIN ANY CREDIBLE
EVIDENCE TO REFUTE MY TRUTHFUL AND RELEVANT ALLEGATIONS OF
UNETHICAL AND ILLICIT BEHAVIOR ON HIS PART. NEITHER AS AN OHIO
ATTORNEY, NOR AS A SWORN OFFICER OF THE COURT.

{¶17} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN
STATING ITS FAULTY OPINIONS AND CONCLUSIONS, BASED UPON THE TRIAL
COURT BLINDLY ACCEPTING BLAIR LEWIS'S REPEATED AND
UNSUBSTANTIATED LIES AND MISREPRESENTATION, AND FOR SOME

UNKNOWN REASON, THE TRIAL COURT SEEMINGLY GIVING A LICENSED ATTORNEY, (ATTORNEY BLAIR LEWIS), SOME EXTRA FORMS OF "PROFESSIONAL COURTESY", THAT SEEMS TO INCLUDE ATTORNEY BLAIR LEWIS RECEIVING EVERY CONCEIVABLE BENEFIT, OF EVERY DOUBT, AS IF WHATEVER HE AUTHORS, AND STATES, AND SUBMITS TO THE TRIAL COURT IS ACCURATE AND TRUE. **ALL THE WHILE, THE TRIAL COURT ERRONEOUSLY ABUSING ITS DISCRETION, BY IGNORING AND REFUSING TO CONSIDER, RELEVANT AND SUBSTANTIABLE [SIC] REFUTING MATERIAL FACTS AND MATERIAL EVIDENCE, THAT I HAVE PROVIDED TO IT). [SIC]**

**{¶18}** "V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT ALLOWING AND CONDUCTING A "MOTION FOR SANCTIONS HEARING", FOR ATTORNEY BLAIR LEWIS TO ADDRESS AND ANSWER EACH AND EVERY INDIVIDUAL SANCTIONABLE ALLEGATIONS, (AS BROUGHT FORTH IN BOTH MY MOTIONS FOR SANCTIONS, AS WELL AS MY WRITTEN ARQUMENT(S) [SIC] TO SUPPORT, ... CONCERNING EACH OF HIS UNETHICAL AND PROHIBITED ACTIONS AND BEHAVIORS, THAT THE TRIAL COURT ERRONEOUSLY AND WRONGFULLY WAS NOT WILLING TO TAKE THEIR DUE DILIGENCE TIME TO PROPERLY ADDRESS OR CONSIDER.

BLAIR LEWIS'S GUILT OF HIS UNETHICAL AND PROHIBITED ACTIONS AND BEHAVIOR IS EASILY RECOGNIZABLE. NONE-THE, LESS, IF THE COURT HAD A PROBLEM IN BELIEVING THAT A LICENSED ATTORNEY WOULD INTENTIONALLY AND REPEATEDLY SUBMIT FALSE INFORMATION, AND WITHHOLD MATERIAL FACTS, IT SEEMS AS THOUGH THE TRIAL COURT WOULD BE DUTY BOUND TO

CONDUCT A "SANCTIONS HEARING" AND GIVE ATTORNEY BLAIR LEWIS THE OPPORTUNITY_ [SIC] TO ANSWER EACH AND EVERY ALLEGATION AND EXAMPLE WITH CREDIBLE ANSWERS AND CREDIBLE SUPPORTING EVIDENCE. (JUST LIKE THE COURT CONDUCTED FOR THE DEFENDANTS' IN THE JUNE 7, 2022 "CONTEMPT OF COURT HEARING".

NONE-THE-LESS ... MY TRUTHFUL AND ACCURATE ACCUSATIONS ARE EASILY FOUND TO BE "MORE LIKELY THAN NOT" TRUE AND ACCURATE. THEN THIS APPEAL WOULD NOT HAVE EVEN BEEN NECESSARY. WHICH FOR CIVIL ISSUES AND IS ALL THAT IS NECESSARY ... RIGHT? AND IF ... MY ALLEGATIONS AND EXAMPLES COULD BE CONVINCINGLY REFUTED BY ATTORNEY BLAIR LEWIS IN A HEARING ... THEN SO BE IT. BUT THEY CAN'T.

HOWEVER; MANY OF THESE TRUTHFUL AND ACCURATE ACCUSATIONS AGAINST ATTORNEY BLAIR LEWIS, ARE ACTUALLY VERY EASY TO BE FOUND CORRECT AND ACTIONABLE, BEYOND ANY REASONABLE DOUBT. HOW? BECAUSE THERE ARE NO CREDIBLE EXCUSES, OR CREDIBLE ANSWERS, THAT BLAIR LEWIS CAN GIVE ... THAT MAKE ANY CREDIBLE OR LOGICAL SENSE.

THE COURT ERRED AND ABUSED ITS JUDICIAL DISCRETION BY NOT TAKING THE TIME TO PERFORM ITS REQUIRED DUE DILIGENCE TO HAVE ATTORNEY BLAIR LEWIS COME INTO COURT, UNDER OATH, AND ANSWER EACH LEGITIMATE ACCUSATION REGARDING HIS UNETHICAL AND PROHIBITED BEHAVIOR. BLAIR LEWIS'S AUTHORED STATEMENT IN HIS UNTIMELY RESPONSE, WHERE HE BASICALLY STATES, "THAT HE DID NOTHING WRONG"

... WHILE NOT REALLY ADDRESSING OR DEFENDING ANYTHING ... JUST DOES NOT SEEM TO "CUT THE JUDICIAL MUSTER."

**I. – V.**

{¶19} Before turning to the merits of this case, we must first address whether the trial court had jurisdiction to consider Appellant's Motion for Sanctions.

*Venue*

{¶20} Venue is a procedural matter. *Morrison v. Steiner*, 32 Ohio St.2d 86, 88, 290 N.E.2d 841 (1972). Civ.R. 3(C) sets out counties in which "[p]roper venue lies," but it also states, "Any action may be venued, commenced, and decided *in any court in any county.*" (Emphasis added.) The 1970 Staff Note to Civ.R. 3 recognizes that "any action may be commenced and decided in any court that has jurisdiction of the subject matter."

{¶21} Improper venue does not deprive a court of jurisdiction to hear an action. *Cheap Escape Co. v. Haddox, LLC*, 10th Dist. No. 06AP-1107, 2007-Ohio-4410, 2007 WL 2421814, ¶ 11, citing *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 23. "Rather, the question of venue is one of convenience and asks in which court, among all of those with jurisdiction, to best bring a claim." *Id.*, citing *State v. Kremer*, 3d Dist. No. 15-05-05, 2006-Ohio-736, 2006 WL 389617, ¶ 6.

{¶22} In conjunction with Civ.R. 12(B), Civ.R. 3(D)(1) creates a mechanism for a defendant to raise the defense of improper venue and to have the action transferred to a county that is described as proper under Civ.R. 3(C). Civ.R. 3 makes clear that its provisions "are not jurisdictional" and that a judgment is not subject to collateral attack "solely on the ground that there was improper venue." Civ.R. 3(H), *See Speigel v. Ianni*, 1st Dist. Hamilton No. C-220467, 2023-Ohio-3809, ¶ 35.

*Subject Matter Jurisdiction*

**{¶23}** Subject matter jurisdiction is distinct from venue. *See Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits, while venue connotes the locality where the suit should be heard." *Morrison v. Steiner*, 32 Ohio St.2d 86, 87, 290 N.E.2d 841 (1972); *State ex rel. Dunbar v. Ham*, 45 Ohio St.2d 112, 115, 341 N.E.2d 594 (1976), quoting *The New York, Chicago, and St. Louis RR. Co. v. Matzinger*, 136 Ohio St. 271, 276, 25 N.E.2d 349 (1940).

**{¶24}** Ohio's common pleas courts have "original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Article IV, Section 4(B), Ohio Constitution. A common pleas court's subject-matter jurisdiction "extends to 'all matters at law and in equity that are not denied to it.' " *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-59, 29 N.E. 179 (1891).

**{¶25}** "When a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction." *Ostanek v. Ostanek,* 166 Ohio St.3d 1, 2021-Ohio-2319, 181 N.E.3d 1162, ¶ 2, citing *Corder v. Ohio Edison Co.,* 162 Ohio St.3d 369, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14.

**{¶26}** The issue of subject-matter jurisdiction is open to challenge at any time because subject-matter jurisdiction is a condition precedent to a court's ability to hear a case. *Id.* If a court acts without subject-matter jurisdiction, then any proclamation by that court is void. *Cheap Escape Co. v. Tri-State Constr., L.L.C.*, 10th Dist. No. 07AP-335, 173 Ohio App.3d 683, 2007-Ohio-6185, 880 N.E.2d 122, ¶ 18.

*Analysis*

**{¶27}** Here, we find that while venue was not proper in Fairfield County, the Fairfield County Common Pleas Court did have subject-matter jurisdiction over the matters before it in this case.

**{¶28}** However, we find that once the Fairfield County Common Pleas Court issued its March 15, 2022, order finding that it lacked jurisdiction over the matter (more correctly venue) and ordering the matter transferred to Franklin County, it no longer had jurisdiction to accept and consider Appellant's motion for sanctions as all matters pertaining to the underlying cause are now properly before the Franklin County Court of Common Pleas.

**{¶29}** The lower court reasoned that it still maintained jurisdiction to consider the motion for sanctions because "even though the primary action in this case has concluded, the issue of sanctions remains extant, and ripe for this Court's review" citing *Barbato v. Mercy Med. Ctr.,* 5th Dist. No. 2005 CA 00044, 2005-0hio-5219, ¶ 30. However, the primary action in this case had not concluded, but rather was still pending, albeit in another court in another county.

**{¶30}** Two courts cannot simultaneously exercise jurisdiction over the same subject matter. To allow otherwise would frustrate the original order transferring venue to another court, would create a risk of inconsistent judgments, and waste judicial resources. *Atwood Resources, Inc. v. Lehigh*, 98 Ohio App.3d 293, 298, 648 N.E.2d 548, 551 (5th Dist.1994).

{¶31} Accordingly, the appeal from the judgment of the Court of Common Pleas, Fairfield County, Ohio, is dismissed.

By: Wise, J.

Gwin, P. J., concurs.

King, J., dissents.

JWW/kw 1113

*King, J., dissents,*

{¶ 32} I agree with the majority that the trial court had subject matter jurisdiction but venue was improper. I do not agree that the transfer of the case to the proper venue deprived it of jurisdiction to enforce its orders over parties that violated its orders while the case was before the transferring court. Because I conclude that court should not dismiss the appeal; I would affirm the trial court.

{¶ 33} As the majority observed, the transfer of venue occurred under the civil rules. That procedural transfer does not itself divest the common pleas court of subject matter jurisdiction under either Article IV, Section (4)(B) or R.C. 2503.01. In the absence of either a constitutional or statutory rule, the majority cites to a judicially created rule against concurrent proceedings occurring in multiple courts.

{¶ 34} The judicial policy behind this certainly makes sense, i.e. waste of judicial resources and the risk of inconsistent judgments. But the purpose behind this rule suggests a more modest scope than the one defined by the majority to deprive courts of jurisdiction to enforce its orders.

{¶ 35} Here, there is neither the risk of inconsistent judgment nor waste of resources. The Fairfield County Court of Common Pleas was in the superior position to regulate the parties subject to its orders and sanction those parties for noncompliance. One can imagine ample prudential reasons, such as difference in local rules or standing orders, why the Franklin County Court of Common Pleas would decline to sanction parties for conduct occurring before a different tribunal. In the unlikely event a movant sought sanctions in both courts simultaneously and both courts intended to proceed, the non-

moving party could likely avail itself of a writ of prohibition from this court. Thus, I would find that rule inapplicable here.

{¶ 36} Moreover, I question whether the receiving court would have jurisdiction over that particular matter arising before the transferring court. The subject matter giving rise to court's sanction was the contravention of its decree. As this court recognized decades ago, sanctions are collateral to the underlying suit. *Barbato v. Mercy Med. Ctr*, 5th Dist. Stark App. No. 2005 CA 00044, 2005-Ohio-5219, ¶ 30. That collateral action arose here arose in the transferring court before the transfer. In my view, the receiving court is thus unlikely to have authority to impose sanctions for misconduct occurring prior to assuming jurisdiction over the noncompliant party.

{¶ 37} In opposition to this, the transferring court enjoyed the inherent power of contempt to aid in the exercise of its judicial powers. *Denovchek v. Bd. of Trumbull Cnty. Comm'rs*, 36 Ohio St. 3d 14, 15, 520 N.E.2d 1362, 1364 (1988). For a trial court to wield this inherent and important power under the majority's holding, it would either have to wait until all collateral matters are resolved prior to the transfer or transfer a case and forego the power to sanction misbehavior. Neither outcome appears desirable. Instead, we should follow *Barbato* in this situation and allow the transferring court whose order was flaunted to decide what sanctions, if any, to impose.

{¶ 38} I would also add the majority's conclusion implies that if attorney's fees were awarded under Civ. R. 3(D)(2), then the trial court there too would have to conduct all hearings, allow for sufficient motion practice, and impose its order prior to the transfer—otherwise it would lack the subject matter jurisdiction to do so after the transfer. This

likewise would cause either unnecessary delays or operate as a windfall for a wrongdoer. In my view, the trial court instead retains limited jurisdiction to deal with this matter too.

{¶ 39} Further, because we found that subject-matter jurisdiction existed when the violation of the court's order occurred, I conclude we should not sua sponte raise the issue of jurisdiction to then dismiss the appeal. *See Driggins v. Bowen*, 2023-Ohio-205, ¶ 36, aff'd sub nom. *Driggins v. Bracy*, 2023-Ohio-4018, ¶ 36, citing *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. This rule is consistent with the idea a court can determine its own jurisdiction, and that decision can be reviewed on appeal. *Goldstein v. Christiansen*, 1994-Ohio-229, 70 Ohio St. 3d 232, 235. In the absence of an assignment of error by the adverse party, I do not believe we should inquire into this particular jurisdictional matter.

{¶ 40} In turning to the merits now, the trial court determined a sanction for contempt was appropriate, but it declined to impose additional sanctions for the same conduct. The appellant did not appeal the decision regarding the contempt. The main thrust of his appeal was he wanted a sanction hearing to cross-examine certain witnesses because he believed an attorney appearing in the matter was being untruthful. As the complained about conduct is subject to an abuse of discretion review, I would find the trial court did not err and affirm its judgment. Because the majority concludes otherwise, I dissent.