[Cite as *Bellar v. Clary Trucking*, 2025-Ohio-932.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THOMAS BELLAR | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellant | : | Hon. Andrew J. King, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | Case Nos.  2024 CA 0055 |
| CLARY TRUCKING, ET AL. | : | 2024 CA 0083 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2024 CV 00229

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                March 17, 2025

APPEARANCES:

For Plaintiff-Appellant

JARED T. BRANKAMP
1118 Hutchins Street
Portsmouth, OH  45662

For Defendants-Appellees

DAVID J. HEINLEIN
250 W. Old Wilson Bridge Road
Suite 265
Worthington, OH  43085-2257

For OBWC

TIMOTHY E. KECK
SUE POHLER
766 Northwest Boulevard
Grandview Heights, OH  43212

*King, J.*

{¶ 1} Plaintiff-Appellant, Thomas Bellar, appeals from two judgment entries of the Court of Common Pleas of Licking County, Ohio, one filed on May 21, 2024, dismissing his refiled complaint and one filed on September 13, 2024, denying his motion for relief from judgment.[1] Defendants-Appellees are Clary Trucking, Inc. and Joshua Whitley. The Ohio Bureau of Workers' Compensation is also a named party. We affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 12, 2018, Bellar sustained injuries in a motor vehicle accident caused by Whitley while Whitley was operating a vehicle during the course and scope of his employment with Clary Trucking.

{¶ 3} On August 28, 2020, Bellar filed a complaint against appellees in Licking County (Case No. 2020CV00979). On September 3, 2020, Bellar filed an identical complaint against appellees in Adams County (Case No. CVC20200301). On November 30, 2020, Bellar voluntarily dismissed the Adams County complaint under Civ.R. 41(A)(1).

{¶ 4} Bellar's attorney was Jeremy Burnside. Attorney Burnside passed away in June 2022 after an extended illness. Attorney Burnside's associate, Robert Johnson, filled in from approximately January 2021 until October 2022 when he left the law firm; the case was then assigned to another associate in the firm, Bellar's current counsel, Jared Brankamp.

{¶ 5} A jury trial was scheduled for March 6, 2023. Following a pretrial held on February 24, 2023, a short continuance was granted and then on June 14, 2023, Bellar

---

[1]The trial court filed nunc pro tunc judgment entries on each entry on September 16, 2024; there does not appear to be any changes from the original entries.

filed a notice of voluntary dismissal without prejudice. Bellar claims neither he nor Attorney Brankamp were aware of the Adams County filing and dismissal.

{¶ 6} On February 22, 2024, Bellar refiled his complaint against appellees in Licking County (Case No. 2024CV00229). On March 18, 2024, appellees filed a motion to dismiss under Civ.R. 12(B)(6), arguing the complaint was filed beyond the statute of limitations and the savings statute had expired because the time to refile started when the Adams County complaint was dismissed on November 30, 2020. By judgment entry filed May 21, 2024, the trial court granted the motion.

{¶ 7} On June 24, 2024, Bellar filed a motion for relief from judgment under Civ.R. 60(B). A hearing was held on August 22, 2024. By judgment entry filed September 13, 2024, the trial court denied the motion.

{¶ 8} Bellar filed separate appeals, one for the Civ.R. 12(B)(6) dismissal and one for the Civ.R. 60(B) denial; the two appeals were consolidated on October 18, 2024. Bellar filed the following assignments of error:

I

{¶ 9} "THE TRIAL COURT ERRED IN COUNTING THE ADAMS COUNTY VOLUNTARY DISMISSAL AGAINST APPELLANT FOR THE PURPOSE OF CIV.R. 41, WHEN THE ADAMS COUNTY ACTION WAS VOID AB INITIO FOR LACK OF SUBJECT MATTER JURISDICTION."

II

{¶ 10} "THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS WHEN IT APPLIED THE SAVINGS STATUTE'S ONE YEAR LIMIT FROM THE DATE OF A VOID DISMISSAL."

III

{¶ 11} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WHEN APPELLANT WAS SURPRISED BY THE EXISTENCE OF THE ADAMS COUNTY PROCEEDINGS, NO ADDITIONAL BENEFIT WAS CONFERRED ON HIM, APPELLEE WAS NOT PREJUDICED, AND CASES SHOULD BE DECIDED ON THEIR MERITS."

I

{¶ 12} In his first assignment of error, Bellar claims the trial court erred in finding the Adams County voluntary dismissal counted against him for the purpose of Civ.R. 41 because the action was void ab initio for lack of subject matter jurisdiction. We disagree.

{¶ 13} Bellar correctly argues "a judgment rendered by a court lacking subject matter jurisdiction is void *ab initio*." *Patton v. Diemer*, 35 Ohio St.3d 68, 70 (1988); Appellant's Brief at 5. "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits." *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972).

{¶ 14} Article IV, Section 4(B) of the Ohio Constitution states: "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters . . . as may be provided by law." This current version was adopted in 1968. Prior to this current version, the provision read: "The jurisdiction of the courts of common pleas, and of the judges thereof shall be fixed by law." In comparing the two provisions, it is clear that in 1968, the voters of Ohio constitutionalized the common pleas courts' historically expansive and inclusive subject matter jurisdiction. Indeed, the Supreme Court of Ohio has said as much: "This court has long held that the court of common pleas

is a court of general jurisdiction, with subject-matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.'" *Bank of America, N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891); *accord State v. Thoen*, 2024-Ohio-5720, ¶ 21-22 (5th Dist.); *see also Cirotto v. American Self Storage of Pickerington, LLC*, 2023-Ohio-4335 (5th Dist.) (King, J., dissenting). Because the Constitution's default rule is a common pleas court will have subject matter jurisdiction, "the law" (a statute) must provide for the exception to its jurisdiction. Thus, only the General Assembly can limit a common pleas court's subject matter jurisdiction. *State v. Wilson*, 73 Ohio St.3d 40, 42 (1995); *Thoen* at ¶ 24. In determining whether a statute has circumscribed the power of the common pleas court to hear a particular matter, we examine the statute to see if there is a clear statement divesting the common pleas court of subject matter jurisdiction. *Thoen* at ¶ 25. We do not find that here.

{¶ 15} Bellar argues the Adams County court lacked subject matter jurisdiction because of the jurisdictional priority rule. That rule states: "As between courts of concurrent jurisdiction, the one whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." *John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga County*, 150 Ohio St. 349 (1948), paragraph two of the syllabus.

{¶ 16} But the jurisdictional priority rule did not preclude subject matter jurisdiction in the Adams County court. Under Civ.R. 3(C), "[a]ny action may be venued, commenced, and decided in any court in any county." Adams County had just as much subject matter jurisdiction as Licking County in this case. Bellar chose to invoke both. At

that point, the jurisdictional priority rule could have been raised or a challenge made under the doctrine of forum non conveniens to limit the action to one court. *Triad Hunter, LLC v. Eagle Natrium, LLC*, 2019-Ohio-940, ¶ 49 (7th Dist.), citing *Chambers v. Merrell-Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 126 (1988) ("The doctrine presupposes there is jurisdiction, venue, and another available forum"). In fact, by arguing the jurisdictional priority rule, Bellar in effect is arguing Adams County and Licking County had concurrent jurisdiction. Concurrent jurisdiction "exists when several different courts or tribunals are authorized to deal with the same subject matter." *Adams Robinson Enterprises v. Envirologix Corp.*, 111 Ohio App.3d 426, 429 (2d Dist. 1996), citing 22 Ohio Jur.3d, Courts and Judges, § 321 and 322 (1980). Therefore, under concurrent jurisdiction, Adams County was "authorized to deal with the same subject matter."

{¶ 17} Bellar further argues because the Licking County case was filed first and service on all parties was achieved on September 8, 2020, five days after the Adams County complaint was filed, the Adams County proceedings became void ab initio. Appellant's Brief at 7. But achieving service in the Licking County case did not preclude Bellar from achieving service in the Adams County case; Bellar could have achieved service in Adams County and then chosen which forum to pursue, understanding appellees could challenge venue.

{¶ 18} Based upon the foregoing, the Adams County court had subject matter jurisdiction and the action filed therein was not void ab initio for lack of subject matter jurisdiction. Bellar chose to voluntarily dismiss the Adams County complaint under Civ.R. 41(A)(1). We find the trial court did not err in finding the Adams County voluntary dismissal counted against Bellar.

{¶ 19} Assignment of Error I is denied.

II

{¶ 20} In his second assignment of error, Bellar claims the trial court erred in applying the one-year extension of the savings statute from the date of a void dismissal. We decline to address this argument and deny the assignment of error for other reasons.

{¶ 21} First, as found above, the dismissal was not void. Bellar filed the Adams County action and then voluntarily dismissed it on November 30, 2020. He then voluntarily dismissed the Licking County action on June 14, 2023, and refiled it in Licking County on February 22, 2024. It is undisputed the statute of limitations expired on September 12, 2020. *See* R.C. 2305.10(A). Under R.C. 2305.19(A), known as the savings statute, a plaintiff may be able to refile a lawsuit after the applicable statute of limitations has run: "In any action that is commenced or attempted to be commenced . . . *if the plaintiff fails otherwise than upon the merits,* the plaintiff . . . may commence a new action within one year after the date of . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." (Emphasis added.)

{¶ 22} In their Civ.R. 12(B)(6) motion to dismiss the Licking County refiled action, appellees argued the savings statute had expired because the time to refile started when the Adams County complaint was dismissed on November 30, 2020; therefore, Bellar had until November 30, 2021, to refile the action and failed to do so. The trial court analyzed R.C. 2305.19(A) and agreed, finding Bellar refiled his complaint on February 22, 2024, beyond the one year in which to file the new action, November 30, 2021.

{¶ 23} Bellar argues the applicable dismissal for the savings statute was the dismissal of the Licking County complaint on June 14, 2023, and because he refiled it on February 22, 2024, it was within time. But Bellar ignores the language of Civ.R. 41(A)(1) which governs voluntary dismissals. The rule states: "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, *except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.*" (Emphasis added.) The trial court cited this rule and found because both dismissals were voluntary dismissals by Bellar, the June 14, 2023 dismissal operated as an adjudication upon the merits. As cited above, an adjudication upon the merits precludes the application of the savings statute. R.C. 2305.19(A). In support, the trial court cited the case of *Olynyk v. Scoles*, 2007-Ohio-2878, ¶ 10, wherein the Supreme Court of Ohio held:

It is well established that when a plaintiff files two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim, the second notice of dismissal functions as an adjudication of the merits of that claim, regardless of any contrary language in the second notice stating that the dismissal is meant to be without prejudice. In that situation, the second dismissal is with prejudice under the double-dismissal rule, and res judicata applies if the plaintiff files a third complaint asserting the same cause of action. See 1970 Staff Note to Civ.R. 41 (when a dismissal is with prejudice, "the dismissed action in effect has been adjudicated upon the merits, and

an action based on or including the same claim may not be retried").

(Citations omitted.)

See also *McCollough v. Bennett,* 2024-Ohio-2783, ¶ 21.

{¶ 24} Because the double-dismissal rule applies in this case and the savings statute does not, we decline to review whether the trial court erred in applying the savings statute from the date of the Adams County dismissal because the argument is irrelevant. Had one of the dismissals been other than a Civ.R. 41(A)(1) voluntary dismissal, there may have been a different outcome, but that is a case for another day. *See McCollough,* 2024-Ohio-2783, at ¶ 1-2 (following the plain terms of the savings statute, a third complaint, after two trial court dismissals, filed after the statute of limitations but within one year of the dismissal of the second lawsuit, was timely commenced).

{¶ 25} Assignment of Error II is denied.

### III

{¶ 26} In his third assignment of error, Bellar claims the trial court abused its discretion in denying his Civ.R. 60(B) motion for relief from judgment. We disagree.

{¶ 27} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound

reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue *de novo,* would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 28} Bellar based his Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect" and "any other reason justifying relief from the judgment." Civ.R. 60(B)(1) and (5). In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 29} Bellar argues he was surprised by the existence of the Adams County action, no additional benefit was conferred on him, appellees were not prejudiced, and cases should be decided on their merits. Appellant's Brief at 11. Primarily, Bellar argues he was surprised by the Adams County filing and dismissal. The Adams County case was filed on September 3, 2020, and voluntarily dismissed on November 30, 2020. Bellar's counsel who submitted the filings passed away in June 2022 after an extended

illness. An associate attorney took over the case from January 2021 to October 2022 until he left the law firm; the case was then assigned to another associate attorney in the law firm, Bellar's current counsel. Neither Bellar nor his current counsel were aware of the Adams County filings. August 22, 2024 T. at 10. We note although Bellar states second counsel took over in January 2021, his name is listed as secondary counsel on the first Licking County complaint filed on August 28, 2020, and the Adams County complaint filed on September 3, 2020.

{¶ 30} In denying the motion for relief from judgment, the trial court acknowledged the tragic passing of Bellar's first counsel, but noted his second counsel's name "appears in the signature block of the filing which dismissed the Adams County Complaint on November 30, 2020." September 13, 2024 Judgment Entry at 6. From this, the trial court inferred second counsel "was or should have been familiar with that case" and he and current counsel "had an obligation to communicate concerning the same." *Id.* The trial court reiterated that the second voluntary dismissal under Civ.R. 41(A)(1) operated as an adjudication on the merits. *Id.* at 6-7.

{¶ 31} The second attorney was listed on the Adams County pleadings. It is hard to argue surprise when the case file stayed with the same law firm throughout. It was not unreasonable for the trial court to infer second counsel was familiar with the Adams County action and he and current counsel should have communicated with each other. Further, the double-dismissal language of Civ.R. 41(A)(1) precludes the trial court from hearing a third-filed complaint because once Bellar filed his second voluntary notice of dismissal, "the second dismissal is with prejudice under the double-dismissal rule, and

res judicata applies if the plaintiff files a third complaint asserting the same cause of action." *Olynyk*, 2007-Ohio-2878, at ¶ 10; *McCollough,* 2024-Ohio-2783, at ¶ 21.

{¶ 32} Upon review, we find the trial court did not abuse its discretion in denying Bellar's Civ.R. 60(B) motion for relief from judgment.

{¶ 33} The judgments of the Court of Common Pleas of Licking County, Ohio are hereby affirmed.

By King, J.

Baldwin, P.J. and

Gormley, J. concur.

*Gormley, J., concurring in the opinion and judgment*

{¶ 34} I join the court's opinion and judgment in full.

{¶ 35} I write separately simply to note that in my view, this court in the past has regrettably conflated the concepts of subject-matter jurisdiction on the one hand and jurisdiction over a particular case on the other. The distinction is relevant in this case, in which appellant Bellar has, as the court's opinion today explains, urged us to find that the trial court in Adams County initially had but later did not have subject-matter jurisdiction to hear this case. Bellar of course relies on the so-called jurisdictional-priority rule in making that claim.

{¶ 36} In my view, subject-matter jurisdiction is not something that can be flipped on and off like a light switch. Rather, "[s]ubject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State ex rel. Taylor v. Montgomery Cty. Court of Common Pleas*, 2024-Ohio-1127, ¶ 15. Absent a statutory amendment — or a constitutional one — a court's subject-matter jurisdiction is fixed and is unaffected by the actions of the parties. *See Pratts v. Hurley*, 2004-Ohio-1980, ¶ 34 ("Subject-matter jurisdiction is a court's power over a type of case. It is determined as a matter of law, and once conferred, it remains").

{¶ 37} What *can* change is a court's jurisdiction — as opposed to subject-matter jurisdiction — to hear a particular case, and that is what happens under the jurisdictional-priority rule. Under that principle, "as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties." *Gemmell v. Anthony*, 2024-Ohio-3129, ¶ 52 (4th Dist.).

{¶ 38} To be sure, our court wrote nearly two decades ago that under the jurisdictional-priority rule, "the court whose power was last invoked should dismiss the claims for lack of subject-matter jurisdiction." *Holmes Cty. Bd. of Comm'rs v. McDowell*, 2006-Ohio-5017, ¶ 27 (5th Dist.). We ought to have chosen our words more carefully then and should not have used the term "subject-matter jurisdiction" to describe the impact of the jurisdictional-priority rule.

{¶ 39} The distinction between subject-matter jurisdiction and jurisdiction is perhaps a minor one, but ours is a profession in which words matter. Mark Twain was of course a writer and not a lawyer, but his thoughts on choosing the right word come to mind. As Twain supposedly said — according to George Bainton in the 1890 publication *The Art of Authorship* — the difference between the right word and the almost right word is the difference between lightning and a lightning bug. Indeed.

{¶ 40} In the end, the concern that I have voiced is of no consequence to today's holding, and I agree in full with my colleagues in this case. As Judge King's opinion for the court indicates, Bellar is bound by the express language of Civil Rule 41(A)(1). By voluntarily dismissing the same case twice, Bellar is now barred, as the trial court found, from initiating the case a third time.