[Cite as *Hatfield v. Fox*, 2026-Ohio-2296.]

## IN THE OHIO COURT OF APPEALS
### FIFTH APPELLATE DISTRICT
### MORROW COUNTY, OHIO

| | |
|---|---|
| SUSAN D. HATFIELD | Case No. 2025 CA 0013 |
| Plaintiff - Appellant | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2025 CV 0083 |
| LUKE FOX | Judgment: Reversed and Remanded |
| Defendant - Appellee | Date of Judgment Entry: June 16, 2026 |

**BEFORE:** Craig R. Baldwin; Andrew J. King; David M. Gormley, Judges

**APPEARANCES:** J.C. RATLIFF, ROCKY RATLIFF, NICHOLAS BARONS, for Plaintiff-Appellant; DIANNE D. EINSTEIN, for Defendant-Appellee.

*King, J.*

{¶ 1}   Plaintiff-Appellant, Susan D. Hatfield, appeals the October 31, 2025 judgment entry of the Morrow County Common Pleas Court dismissing her complaint for lack of subject-matter jurisdiction.  Defendant-Appellee is Luke Fox.  We reverse the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 25, 2025, Hatfield filed a verified complaint for money against Fox. Hatfield alleged she loaned Fox $25,000 in July 2022 and he failed to make monthly payments as agreed except for one payment of $1,000.  Hatfield and Fox later married on November 7, 2022, four months after the loan was made; they divorced on June 11, 2025, via an agreed judgment entry - decree of divorce.  The premarital loan was not mentioned in the decree of divorce.

{¶ 3} On August 29, 2025, Fox filed a motion to dismiss the money complaint for lack of subject-matter jurisdiction under Civ.R. 12(B)(1). Fox argued the Morrow County Domestic Relations Division held jurisdiction over the matter because it involved the division of the parties' assets and debts. On the same date, Fox filed an amended motion to dismiss the complaint to attach the parties' agreed judgment entry – decree of divorce. A hearing was held on October 29, 2025. Because the hearing was not recorded, Hatfield submitted an App.R. 9(C) statement. By judgment entry filed October 31, 2025, the trial court granted the motion, finding it did not have jurisdiction to determine the money complaint because the premarital loan should have been addressed in the divorce action.

{¶ 4} Hatfield filed an appeal with the following assignments of error:

I

{¶ 5} "THE COMMON PLEAS COURT GENERAL DIVISION ERRED BY DETERMINING IT DID NOT HAVE SUBJECT MATTER JURISDICTION."

II

{¶ 6} "THE COMMON PLEAS COURT GENERAL DIVISION ERRED IN ITS DETERMINATION THAT THE VERIFIED COMPLAINT COULD BE DETERMINED BY THE DOMESTIC RELATIONS DIVISION THROUGH THE DIVORCE PROCEEDINGS ON THE PARTIES' MARRIAGE CONTRACT."

I

{¶ 7} In Hatfield's first assignment of error, she claims the trial court erred in determining it did not have subject-matter jurisdiction. We agree.

{¶ 8} Under Civ.R. 12(B)(1), a pleader may file a motion to dismiss a complaint for "[l]ack of jurisdiction over the subject matter." "Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits." *Morrison v. Steiner*, 32

Ohio St.2d 86, 87 (1972). Because subject-matter jurisdiction is a question of law, this court reviews a trial court's dismissal of a complaint for lack of subject-matter jurisdiction under a de novo standard of review. *Blazef v. City of Mansfield Plan. Comm'n,* 2025-Ohio-5110, ¶ 18 (5th Dist.).

{¶ 9} "There shall be a court of common pleas and such divisions thereof as may be established by law serving each county of the state." Ohio Const., art. IV, § 4(A). R.C. 2301.02(A) authorizes two judges to be elected in Morrow County. R.C. 2301.03 governs the designation of domestic relations, juvenile, and probate duties in the court of common pleas. The statute does not confer different judge terms for these three divisions in Morrow County; separate divisions with separate elected judges does not exist in Morrow County. In fact, in Morrow County, "the judges of the court of common pleas elected pursuant to this section also shall perform the duties and functions of the judge of the probate division." R.C. 2301.02(C). The two judges are responsible to hear matters for all the different divisions – general, domestic relations, juvenile, and probate.

{¶ 10} "[T]he court of common pleas has original jurisdiction in all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts and appellate jurisdiction from the decisions of boards of county commissioners." R.C. 2305.01. Under R.C. 1907.03(A), "county courts have exclusive original jurisdiction in civil actions for the recovery of sums not exceeding five hundred dollars and original jurisdiction in civil actions for the recovery of sums not exceeding fifteen thousand dollars." Because Hatfield sought $25,000, the court of common pleas had original jurisdiction over the money complaint. "Absent a statutory amendment — or a constitutional one — a court's subject-matter jurisdiction is fixed and is unaffected by the actions of the parties. *See Pratts v. Hurley,* 2004-Ohio-1980, ¶ 34 ("Subject-matter

jurisdiction is a court's power over a type of case. It is determined as a matter of law, and once conferred, it remains"). *Bellar v. Clary Trucking,* 2025-Ohio-932, ¶ 36 (5th Dist.) (Gormley, J., concurring).

{¶ 11} The trial court determined it did not have jurisdiction "to now determine whether the Defendant owes money to the Plaintiff since it should have been addressed in the divorce." October 31, 2025 Judgment Entry at 2. The trial court's reasoning sounds in claim preclusion/res judicata which was not raised by Fox as he sought a determination on subject-matter jurisdiction under Civ.R. 12(B) i.e., the Domestic Relations Division had jurisdiction over the matter because it involved the division of the parties' assets and debts, not the General Division. In Hatfield's memorandum contra to the motion to dismiss, she argued the premarital loan was not included in the divorce decree because during a status conference for the divorce case, the magistrate indicated the loan was a "civil matter" that she could address after the divorce. September 15, 2025 Plaintiff's Memorandum Contra Defendant's Motion to Dismiss at 3.

{¶ 12} Subject-matter jurisdiction was not lost just because the money complaint was assigned to the judge that did not handle the divorce. Which begs the question, what would have happened to the money complaint had it been assigned to the divorce judge? We can only assume a Civ.R. 12(B) motion would not have been filed and Hatfield's complaint would not have been dismissed for lack of subject-matter jurisdiction.

{¶ 13} The issue squarely before the trial court and now this court is whether the trial court had subject-matter jurisdiction over the money complaint. We find that it does; the trial court has subject-matter jurisdiction to make a determination on the money complaint. Whether any other issues apply e.g., transfer the money complaint to the divorce judge, claim preclusion/res judicata, or validity of the oral contract, are

arguments and determinations for another day.  By listing these examples, this court is in no way suggesting or endorsing any particular course of action.

{¶ 14} Upon review, we find the trial court erred in dismissing the complaint.

{¶ 15} Assignment of Error I is granted.  Assignment of Error II is moot.

{¶ 16} For the reasons stated in our accompanying Opinion, the judgment of the Morrow County Court of Common Pleas is REVERSED.  The matter is remanded to the trial court for further proceedings.

{¶ 17} Costs to Appellee.

By: King, J.

Baldwin, P.J. and

Gormley, J. concur.